## Sterrett et al. v. Hill

*Darlington Hoopes*, for plaintiffs.
*J. Milton Miller*, for defendant.

MAYS, J., October 1, 1934.—The form of this action is that of trespass. It is based upon a written agreement of agency under which the defendant collected premiums which he either failed to turn over in accordance with the terms of said agreement or embezzled.

The defendant, after stating "that the correctness of said suit or action in trespass is not admitted," generally denies that he converted any funds to his own uses and purposes, but admits that there is a balance of $218.38 in his possession. The defendant furthermore sets up a counterclaim. He says that his principal, the Union Indemnity Co., is indebted to him in a sum in excess of the amount claimed and by him admitted to be due.

The plaintiffs moved to strike off said set-off and counterclaim, assigning as the reason therefor that "there is no such thing as a set-off or counterclaim in an action of trespass."

The liability of the defendant in this case is charged to have resulted from his contract as agent. The declaration, after reciting that he collected certain premiums, as was his duty and right, charges him with failure to turn over the said premiums less proper deductions. If this were proven, we would have merely a nonperformance of a duty, otherwise designated as a nonfeasance. If such a duty and no more arises out of the pleaded contract, the

nonperformance of it becomes, and in reality is, nothing more nor less than a nonperformance or breach of the contract imposing the duty. If this were to be made to appear, we would have the contract as the real foundation of the cause of action, and then it would be no violent construction to treat the action as one of assumpsit: Cook v. Haggarty, 36 Pa. 67. The mere form would not necessarily change the rights of the parties: Gibson v. Gillespie, 7 D. & C. 482.

It is not the form of the action, but the nature of the subject-matter of it, which must decide the question as to whether or not the defendant has the right to a set-off or counterclaim. If the plaintiffs are here seeking to recover damages arising out of a breach of the contract pleaded, surely the defendant should be permitted to show that the plaintiffs are indebted to him for the breach of another contract: see Steward v. Renner, 87 Pa. Superior Ct. 411.

In paragraph 5 of the plaintiffs' declaration it is generally averred that the defendant embezzled the premiums less commissions and converted the same to his own uses and purposes. If it were made to appear that the defendant committed a wrong, otherwise designated as a misfeasance, this in contemplation of the law, would have no relation to the contract in any case, and the action should be one of trespass, and the defendant would not be permitted to show that the plaintiffs are indebted to him.

Not being now satisfied that this rule should be made absolute, we will discharge the rule to strike from the record the set-off or counterclaim, with leave to plaintiffs to renew their said application at the time of trial, by motion, objection to the admission of evidence on said claim, or otherwise.

It is so ordered.