6w 47
156  358

# Hunt *against* Wynn.

Upon an appeal from a justice's judgment in an action against a common carrier for not delivering goods entrusted to him, the declaration charged the defendants with negligence; and, in a second count, generally, with not having delivered the goods *according to contract. Held*, that the action was within the jurisdiction of the justice.

ERROR to the common pleas of *Dauphin* county.

John Wynn against W. B. & T. Hunt. This action originated before a justice of the peace, from whose judgment the defendants appealed. In court, the plaintiff filed a declaration containing two counts: the first charged the defendants with having received as common carriers in Philadelphia, goods to be delivered at Harrisburg, which they carried so negligently and carelessly that the same were lost, &c.; and the second charged the defendants generally with not having delivered the goods according to their engagement.

The defendants' counsel contended in the court below, that the justice had not jurisdiction of the cause of action; but the court (Blythe, president) was of a different opinion. Verdict for plaintiff.

[Hunt v. Wynn.]

*M'Cormic*, for plaintiff in error, cited 2 *Penns. Rep.* 292; 2 *Chit. on Con.* 240.

*Rawn*, contra, whom the court declined to hear.

PER CURIAM.—In Weall *v.* King, 12 *East* 452, it was held, that an action on the case, alleging a deceit by means of a warranty, though laid in tort, is founded in contract. But Powell *v.* Layton, 2 *N. R.* 365, is the specific case before the court. To an action on the case in the form of a tort against a common carrier, the defendant successfully pleaded in abatement the non-joinder of his partners, which he could not have done had the action not been founded in contract. The word "suscepit" was not in the declaration, and the word "duty" was in its place; but the chief justice, delivering the opinion of the court, held that to be indifferent, because the duty of a carrier necessarily springs from his contract alone. The conflict of authority on the subject was critically examined by him, and, we think, the proper conclusion deduced from them. Also in Dale *v.* Hall, 1 *Wils.* 282, Mr Justice Dennison expressed an opinion that the action is essentially founded in contract whether the word *suscepit* is in the declaration or not. Here, however, an express undertaking is laid; and there cannot be a doubt, therefore, that the justice had jurisdiction.

Judgment affirmed.