## Todd *against* Figley.

A bailment is founded upon contract express or implied, and all questions arising out of it are within the jurisdiction of a justice of the peace under the act of 1810.

If injury happen to property in the hands of a bailee, the interference of the bailor to remedy the evil, will not release the bailee from liability for the consequence of his negligence.

ERROR to the common pleas of *Butler* county.

William Figley against James Todd. This action originated before a justice of the peace, in which the plaintiff claimed to recover the price of a horse loaned by him to the defendant, and which, while in his possession, was kicked and died. The first question raised

[Todd v. Figley.]

was, whether the justice had jurisdiction of the cause of action ? The court below (Bredin, President) ruled this point in favour of the plaintiff. It appeared in evidence that after the horse was kicked the plaintiff employed a person to examine the wound, and take some care of it. The defendant therefore contended that this interference by the plaintiff exonerated him from any liability which he might otherwise have been under ; but the court ruled this point also in favour of the plaintiff.

*Shannon,* for plaintiff in error.
*Agnew,* for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—The two errors first assigned, which raise the principal if not the only question in the case, allege a want of jurisdiction in the justice of the peace, before whom the suit was originally commenced. The act of 1810 gives justices of the peace "jurisdiction of all causes of action arising from contract, either express or implied, in all cases where the sum demanded is not above 100 dollars, except in cases of real contract, where the title to lands or tenements may come in question, or action upon promise of marriage." These are the words of the act; and seeing they expressly embrace all causes of action arising from contract, either express or implied, when the sum demanded is not above 100 dollars, except in cases of real contract, where the title to lands or tenements may come in question, or cases founded upon breaches of promises of marriage, the present case, being one of bailment, would seem to be clearly included and brought within the jurisdiction of a justice of the peace, because every species of bailment is grounded upon *contract,* either expressed or implied. "Bailment," says Sir William Blackstone, 2 *Bl. Com.* 451, "from the French *bailler,* to deliver, is a delivery of goods in trust, upon a *contract expressed* or *implied,* that the trust shall be faithfully executed on the part of the bailee;" or, as Mr Justice Story has it, "for some special object or purpose, and upon a *contract expressed* or *implied.*" All the writers, as also all the authorities on this head, concur in laying it down that every species of bailment is founded upon a *contract,* either *expressed* or *implied*; thus using almost the identical terms employed in the act, for the purpose of defining the extent of the jurisdiction thereby given to justices of the peace. See *Jones on Bailment* 1, 90, 117 ; 2 *Kent's Com.*, sec. 40, *p.* 437 ; Coggs *v.* Bernard, 2 *Lord Raym.* 909 ; 3 *Chitty's C. L.* 354. Bailment, according to Sir William Jones, consists of, or may be divided into, five sorts : 1. *Depositum,* or deposit ; 2. *Mandatum,* or commission without recompense ; 3. *Commodatum,* or loan for use without pay ; 4. *Pignori acceptum,* or pawn ; 5. *Locatum,* or hiring, which is always with reward. The case before us falls within the third species of bailment, which is a loan for use, that is, a bailment or loan by the plaintiff below of his mare to the defendant, to be used by the

latter, who thereby became the bailee for a time without reward. *Jones on Bailment* 36, 117. The bailee or defendant below being the only person, as it would seem, who was to be benefited by the loan of the mare, was therefore bound by the obligation arising from his *implied contract* to take extraordinary care of her; and he became liable to make good to the plaintiff below any loss which he might sustain by reason of an injury happening to the mare even from slight neglect on the part of him the defendant. *Jones on Bailment* 10, 65, 119; Coggs *v.* Bernard, 2 *Lord Raym.* 909. The declaration is not drawn with as much adaptation to the plaintiff's case, as disclosed by the evidence, as it might have been; for, according to the evidence, so far as recapitulated by the court in the charge to the jury, it did not appear that the defendant below had abused or wilfully violated the trust reposed in him in any way whatever. The evidence merely tended, at most, to show that he had not bestowed sufficient care and attention upon the mare, and had been guilty of some slight neglect; so that the case disclosed by the evidence is nearly identical with the case of M'Cahan *v.* Hirst, decided at the last Harrisburg term, *ante* 177. We held there that the justice of the peace had jurisdiction, to which I wish to refer, in order to avoid repeating what is said there in support of the decision sustaining the jurisdiction of the justice.

The third error does not clearly appear to be well founded in point of fact : for upon a fair construction of the charge of the court to the jury it would seem to have been left to the jury to decide what was the occasion of the mare's death ; and if they should be of opinion that it arose from want of proper attention and care on the part of the defendant below, or in other words from neglect, though but slight, he was liable and ought to pay the value of the mare, if they should find also that he had borrowed her for his own use, without reward. It would rather appear from the charge of the court, and it is all we have to judge from, as the evidence given on the trial has not been brought up with the record, that the contested point was not whether the mare died of the apparent injury she had received, but whether it was occasioned or not through the neglect of the defendant below. It would seem from the charge of the court not to have been seriously denied that the mare died of the wound inflicted upon her by the kick of another animal of her kind, as was supposed, but earnestly insisted on that it had not happened through any neglect whatever on the part of the defendant below.

There is nothing in the fourth error. It would be strange indeed if the circumstance of the plaintiff's getting a farrier, or other person whom he considered capable of rendering relief, by advice or otherwise in such case, to examine the wound or injury upon the mare, should exonerate the defendant from his responsibility, if the death of the mare was occasioned by his neglect. Even had the plaintiff below taken his mare from the defendant, as soon as he discovered that she was hurt, and done all he could with a view to cure her,

[Todd v. Figley.]

but failed, which would have been going much farther than he did, still it would not have furnished the least pretence for claiming that the defendant was thereby discharged from his liability.

Judgment affirmed.