## SEITZINGER *v.* STEINBERGER.

1. Justices of the peace have no jurisdiction in an action against a constable for not paying rent in arrear out of the proceeds of an execution levied on goods upon the premises.

. 2. Where a promissory note was taken from the purchaser in payment of the goods, it may, as respects the liability of the officer, be treated as money.

IN error from the Common Pleas of Schuylkill.

*Jan.* 4.  This was an action against a constable, brought before a justice of the peace.  The defendant had levied on certain goods and sold them, and received from the purchaser his promissory note in payment, which was subsequently paid to the endorsee; but when, did not appear.

The plaintiff was the lessor of the defendant in the execution. The rent for the premises on which the goods levied were, was in arrear to an amount less than the price of the goods sold, and the constable had notice thereof before the sale.

The Court said that the law, independently of any agreement between the parties, implied a promise by the constable to pay the rent in such a case, and the action was properly brought before a justice.

*Cumming* and *Loeser*, for the plaintiff in error.—Case was the only remedy for the wrong: 1 Ch. Pl. 153, 164; 7 Watts, 314; and justices have no jurisdiction but in matters of contract: 13 S. & R. 103; 17 Ib. 309; 7 Watts, 314.  Debt for an escape does not lie before them: 13 S. & R. 44; nor for a legacy: 13 S. & R. 44; nor for money collected in an official capacity: 6 Watts, 384; nor for negligence in the performance of a contract: 2 Penna. 292. There was no money received from which an implied assumpsit is raised: 14 S. & R. 179; 1 Ch. Pl. 384.

*F. W. Hughes*, contrà.—The note being negotiable, and actually negotiated, was equivalent to money; at all events the constable was liable for the amount of the bid, having parted with the goods: 7 S. & R. 246; 5 W. & S. 525.

Assumpsit against a sheriff has been held to lie in 5 Wend. 207; 6 Cow. 405; 9 Mass. 272; 1 Ch. Pl. 386; and debt lies also: 1 Chit. Pl. 126.  The obligation is imposed by law; and there is then an implied contract to perform it.

*Feb.* 1.   BELL, J.—Under the Act of 16th June, 1836, a landlord is entitled to call for a year's rent, if due, to be paid out of the proceeds of an execution, executed on the goods of a tenant by a constable: Morgan *v.* Moody, 6 W. & S. 333; and as the promissory note, received by the plaintiff in error from Myers & Co. in payment of the goods sold, may, for the purposes of remedy, be regarded as money (Morrison *v.* Birkey, 7 S. & R. 246; 5 W. & S. 525; Cumming *v.* Hockley, 8 John. R. 156), the single question presented by the record is, whether a justice of peace has jurisdiction of the subject of the action? A short examination of precedents will show this question is decided adversely to the plaintiff below.

Case and assumpsit are sometimes concurrent remedies, and it is referred to the election of the complainant which he will adopt. But when the question is of the civil jurisdiction of a justice of peace, the subject of the action is to be regarded, and not the form selected by the plaintiff. This was said in Shaeffer *v.* McNamee, 13 S. & R. 44, where it was held that a justice cannot take cognisance of an action against a sheriff for an escape, for though the Stat. of West. 2, and 1 R. 2, cap. 12, gave the injured party an action of debt for the purpose of liquidating the damages, and fixing the sheriff for a precise sum, the *gravamen* was not contract, but official misfeasance, for which the remedy at common law was case only. This case goes very far to decide the now question, and it has been followed by others that ought to have put to rest any lingering doubt. These fully settled that where the action springs simply from *tort*, it lies not within the statutory jurisdiction of a justice; and this is emphatically so where the subject of complaint is the wrong or negligence of a public officer, done or suffered in the exercise of his office. In Zeigler *v.* Gram, 13 S. & R. 102, which immediately followed Shaeffer *v.* McNamee, the action was for a penalty given by the Act of 1791, for not entering satisfaction upon the record of a discharged mortgage. But though that statute provides that the penalty shall be recoverable in like manner as other debts, and every debt is said to arise out of contract express or implied, yet, as the meritorious cause of action was the tortious refusal of the defendant to perform a collateral duty imposed by law, it was held a justice was incompetent to entertain cognisance of it. In discussing the meaning of the words, "arising from contract express or implied," as employed in the hundred dollar law, the Court said they were used to denote a bargain or agree-

ment; those contracts arising immediately out of a course of dealing between the parties, and not that sort of contract that is implied in the compact of government. The same doctrine was repeated in Zell *v.* Arnold, 2 P. R. 292, by the remark that the legislature had in view contracts in the popular sense of the term; not an artificial agreement, depending on a fiction of law. Accordingly, the power of a justice to adjudicate an action brought against a mechanic for unskilfully performing his work, was denied; for, said the Court, though growing out of a contract, the suit is not founded upon it, but upon a collateral duty, the breach of which is a personal *tort*. And this distinction reconciles the determination with the subsequent cases of Hunt *v.* Wynn, 6 Watts, 47; McCahen *v.* Hurst, 7 Watts, 175, and Todd *v.* Fegley, Ib. 542. These were directly based on a contract implied immediately between the parties, while that sounded in a wrong, apart from contract, though deducible from the existence of one.

I have said the rule is, if possible, more stringently applicable where the violated duty flows from official obligation merely. In obedience to it, and in accordance with Shaeffer *v.* McNamee, it was ruled in Commonwealth *v.* Reynolds, 17 S. & R. 367, that a sheriff is not amenable to the jurisdiction of a justice, for refusing to execute a *vend. ex.*, though the Act of March, 1833, expressly gives to the party aggrieved by such misfeasance, an action of debt, on a writ of *scire facias*. And the reason given is, that the Act of 1810 extends not to that kind of debt which, springing from the misfeasance of an officer, is in its nature a *tort* that, before the Act, could only be made the subject of an action *ex delicto*. To the same effect is Montgomery *v.* Poorman, 6 Watts, 384, where the Court negatived the asserted right of a justice to take cognisance of the neglect or refusal of a brother justice to pay over money collected under process. It is true that, in ruling the case, stress was laid upon the judicial capacity in which the defendant had acted, as absolving him from liability to account to one of no higher authority than himself; but the absence of contract was also pointed to, and assumed as interposing an insuperable objection to the exercise of such a jurisdiction. These cases are decisive of the present. The defendant below, at most, is guilty of a breach of duty, not flowing from any bargain made with the plaintiff, but referable to the official connexion of the defendant with the original transaction. He is thus directly within the principle illustrated by the cases. His delinquency is *ex delicto*, not *ex contractu*, and consequently the

remedy is case, not assumpsit.    I am aware of Palmer *v.* The Commonwealth, 6 S. & R. 245, and Campbell *v.* The Same, 8 Ib. 414, where it was held that, where a constable gives bond conditioned for the due execution of his office, the Court of Common Pleas and justices of the peace have concurrent jurisdiction.    But this was by force of the special provision of the 19th section of the Act of 1810, now altered, in this particular, by the Act of March, 1824, which gives the same remedy on constables' as on sheriffs' bonds; thus, as is said in Blue *v.* The Commonwealth, 4 Watts, 215, conforming the remedy to the rule laid down in Commonwealth *v.* Reynolds.

In this aspect of his case, then, the plaintiff below has no footing in Court, and the judgment must be reversed.    I have considered it in this aspect only, because the Court below instructed the jury that, under the facts in proof, the law would raise an implied contract on the part of the constable, distinct from his express agreement sworn to by Myers, over which a justice would have jurisdiction.    The question of an express undertaking was thus withdrawn from the jury, and is not now here for consideration. If, however, the plaintiff below thinks this will afford him ground on which to stand, he may have a *venire de novo*.

It may be well enough to add, that the other instructions given by the Court are not open to objection.

Judgment reversed, and a *venire de novo* awarded.