# Conn *versus* Stumm.

Where one undertakes to perform work for another, the law implies a contract to do it with care and skill, and an action of *assumpsit* for a breach of such contract, claiming damages under one hundred dollars, is within the jurisdiction of a justice of the peace.

ERROR to the Common Pleas of *Fayette county*.
Appeal from a justice of the peace. The declaration charged

[Conn *v.* Stumm.]

that the plaintiff "retained and employed" the defendant to iron his wagon, and the defendant "undertook and promised to do it with care and skill;" and the breach assigned was, that "not regarding his promise and undertaking," he did not do it with proper care and skill. The plea was *non assumpsit*. On the trial the plaintiff had a verdict for $10; and afterwards the court dismissed the case for want of jurisdiction in the justice of the peace, and this is the matter complained of.

*Veech*, for plaintiff.

*Howell*, for defendant.

The opinion of the court was delivered in 1854, by

LOWRIE, J.—The decision below is founded on a misunderstanding of the case of Zell *v.* Arnold, 2 *Pa. R.* 292; a case which has twice before been misunderstood: 7 *Watts* 170; 12 *State R.* 381. All that is decided there is, that a justice of the peace has no jurisdiction of an action of *tort* for such negligence where the claim is over $100. No one doubts that *assumpsit* will lie in such a case; for the law implies a contract for care and skill, not as a fiction, but as a fact, from the "understanding," 13 *S. & R.* 44, or "course of dealing between the parties:" 17 *Id.* 371; 6 *Watts* 387. This declaration is plainly in *assumpsit*. And certainly, when the law gives jurisdiction to justices "of all causes of action arising from contract, express or implied," it means to include such cases as this; else an action for carelessly soldering a tin bucket would be beyond the judicial competence of a justice. Other analogous cases show plainly enough that the justice has jurisdiction. 6 *Watts* 47; 7 *Id.* 175, 542.

Judgment reversed and judgment for plaintiff with costs.