# Murphy *v.* Thall.

*Justice of the peace—Jurisdiction—Contract—Tort—Form of action—Injury to horse.*

The " causes of action arising from contract, either express or implied," which are within the jurisdiction of a justice of the peace, are those which arise from an agreement or understanding immediately between the parties, and do not have their foundation in the compact of government, to which every member of society is supposed to be a party. It is not the form of the action but the nature of the subject-matter of it which must decide the question of jurisdiction. The right to maintain an action of debt or assumpsit may arise ex maleficio, where there is not the semblance of a contract, as in cases of official misfeasance or of penalties imposed by statute, but the form of the action does not change the essence of its cause, and what was tort before does not become a breach of contract.

When the action springs simply from tort, and is not dependent upon any contract relation or course of dealing between the parties, and the injury is consequential it lies not within the statutory jurisdiction of a justice of the peace. When the plaintiff's claim is founded upon a contract, other than those specifically excepted by the statute, and does not exceed the amount limited, it is within the jurisdiction of a justice of the peace; whether the action be in assumpsit or in case for a breach of duty imposed by the contract.

Where a horse has been loaned on a gratuitous bailment, and on a promise that good care should be taken of it, and the horse is returned in an injured condition, the owner may maintain an action of trespass before a justice of the peace to recover damages for the injury.

Argued Feb. 12, 1901. Appeal, No. 1, Feb. T., 1901, by defendant, from judgment of C. P. Sullivan Co., Feb. T., 1897, No. 59, on verdict for plaintiff in case of Stephen Murphy v. Joseph Thall. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Appeal from justice of the peace.

The facts are stated in the opinion of the Superior Court.

Defendant presented this point and answer:

2. That this action of trespass was brought before a justice of the peace and came into this court by appeal; that the justice of the peace had not jurisdiction of the case and this court would have none on appeal, and that the verdict must be for the defendant, Joseph Thall. *Answer:* That we do not affirm.

If we have no jurisdiction in this case there can be no verdict either for the plaintiff or defendant, because you have no more jurisdiction, when the court has none, to give a verdict for the defendant than you would have to give a verdict for the plaintiff. If we are wrong in our interpretation of this law we can correct it upon a motion for a new trial or upon a rule in arrest of judgment.

Verdict and judgment for plaintiff for $35.00. Defendant appealed.

*Error assigned* amongst others was refusal to find as above.

*J. G. Scouton*, with him *James W. Piatt*, for defendant.

*John H. Cronin*, with him *E. J. Mullen*, for appellee.

OPINION BY W. D. PORTER, J., July 25, 1901:

The appellant filed a number of assignments of error, all of which were abandoned at the argument except those which directly raised the question of the jurisdiction of the justice of the peace to determine, in an action of trespass, the subject of controversy between the parties. The plaintiff loaned a mare to the defendant who later returned her, without explanation, in a seriously injured condition. The loan was made upon the solicitation of the defendant and the bailment was for his exclusive benefit. The defendant admits this in his testimony. The plaintiff brought this action to recover damages for the injury to his mare, and upon the trial in the court below the jury found that the injury resulted from the failure of the defendant to take proper care of the animal. The duty of the defendant was not wholly dependent upon the contract which is implied from a gratuitous bailment, for the plaintiff testified that he told the defendant he " wanted him to take good care of her," and that " Thall said he would ; " and the defendant in his testimony admits this might have been so.

The " causes of action arising from contract, either express or implied," which are within the jurisdiction of a justice of the peace, are those which arise from an agreement or understanding immediately between the parties, and do not have their foundation in the compact of government, to which every member of

society is supposed to be a party. It is not the form of the action but the nature of the subject matter of it which must decide the question of jurisdiction. The right to maintain an action of debt or assumpsit may arise ex maleficio, where there is not the semblance of a contract, as in cases of official misfeasance or of penalties imposed by statute, but the form of the action does not change the essence of its cause, and what was tort before does not become a breach of contract: Schaffer v. McNamee, 13 S. & R. 43; Seitzinger v. Steinberger, 12 Pa. 379; Montgomery v. Poorman, 6 Watts, 384. Case and assumpsit are somtimes concurrent remedies, and a complainant may elect which he will adopt, yet if the subject of the action is based and dependent upon the existence of a contract, express or implied, the suit will be attended by all the incidents of an action ex contractu so far as jurisdiction is concerned. When the action is for the violation of a duty necessarily springing from contract alone, the action is quasi ex contractu, though the gravamen be laid in tortious negligence for breach of the duty. In Livingston v. Cox, 6 Pa. 360, Mr. Justice BELL, who spoke for the court, quoted with approval the language of Sir JAMES MANSFIELD in Weall v. King, 12 East, 452 : "The form of the action cannot alter the nature of the transaction, though the nonperformance of that which is originally contract may be made the subject of an action of tort, the foundation of that action must still be in contract." When the action springs simply from tort, and is not dependent upon any contract relation or course of dealing between the parties, and the injury is consequential it lies not within the statutory jurisdiction of a justice of the peace. When the plaintiff's claim is founded upon a contract, other than those specifically excepted by the statute, and does not exceed the amount limited, it is within the jurisdiction of a justice of the peace : whether the action be in assumpsit, or in case for a breach of duty imposed by the contract; Hunt v. Wynn, 6 Watts, 47; McCahan v. Hirst, 7 Watts, 175; Todd v. Figley, 7 Watts, 542; Conn v. Stumm, 31 Pa. 14; Reeside's Executor v. Reeside, 49 Pa., 331; Zell v. Dunkle, 156 Pa. 355. It is true that some of the expressions in the opinion of Chief Justice GIBSON, in Zell v. Arnold, 2 P. & W. 292, did not seem to be in harmony with this conclusion. That case seems to have been decided upon its peculiar facts, not appearing in the re-

port, which makes the court seem to decide that a justice of the peace does not have jurisdiction of an action for damages arising from the failure of a party to a contract to perform with skill and care ; while the direct contrary of this proposition was held in Hunt v. Wynn, McCahan v. Hirst and Todd v. Figley, and it is irreconcilable with Livingston v. Cox and Seitzinger v. Steinberger, in all of which decisions the great chief justice participated without dissent.   In McCahan v. Hirst it was said that· Zell v. Arnold was so decided, because " the action there was considered substantially a misfeasance ; but here it cannot, at most, be made to amount to more than a nonfeasance : which latter, properly speaking, is the nonperformance of a duty ; and whenever such duty arises as it does here, out of a contract, the nonperformance of it becomes and in reality is, nothing more or less than a nonperformaace or breach of the contract imposing the duty.   Hence the contract is the real foundation of the cause of action, which must be considered as arising immediately from the breach of it.   But a misfeasance is a trespass or wrong committed, which, in contemplation of law, has no relation to a contract in any case."   The same distinction between the cases was referred to in Livingston v. Cox.   In Seitzinger v. Steinberger it was said, that Zell v. Arnold " sounded in a wrong, apart from contract," while the later cases were based on contract implied immediately between the parties.   The contention of the appellant that the form of the action is determinative of the jurisdiction of the justice is baseless, the contrary was held in Hunt v. Wynn and the other cases above cited ; and McCahan v. Hirst was an action of trespass on the case and the plea was not guilty.   Livingston v. Cox was also an action on the case and the plea was not guilty, yet it was held by the Supreme Court to be an action upon a contract.   The justice of the peace had jurisdiction of this cause of action, in the form in which it was brought.

Judgment is affirmed.