# Croskey, Appellant, *v.* Wallace.

*Justice of the peace—Jurisdiction—Trespass—Assumpsit—Action quasi ex contractu.*

On an appeal from a judgment of a justice of the peace the plaintiff filed a statement averring in substance that he had entered into a contract with the defendant for the cleaning of a carpet, and that the defendant had undertaken to clean the carpet without causing it to shrink; that the defendant had cleaned and dried the carpet so negligently as to cause it to shrink, and that the carpet was by such negligence damaged to the amount of $75.00. *Held* that the action was quasi ex contractu, and within the jurisdiction of the justice of the peace.

Argued Dec. 9, 1902.   Appeal, No. 66, Oct. T., 1902, by plaintiff, from order of C. P. No. 3, Phila Co., March T., 1902, No. 490, making absolute rule to dismiss appeal in case of John Welsh Croskey v. Robert Wallace.   Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Appeal from justice of the peace.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*Philip F. Fulmer, Jr.*, for appellant, cited: Jennings v. Rundall, 8 T. R. 335 ; Murphy v. Thall, 17 Pa. Superior Ct. 500.

*Horace L. Henderson*, for appellee, cited: Zell v. Arnold, 2 P. & W. 292; Henion v. Morton, 2 Ash. 150 ; McCahan v. Hirst, 7 Watts, 175 ; Todd v. Figley, 7 Watts, 542; Green v. Patterson, 3 Pa. Superior Ct. 354; Hunt v. Wynn, 6 Watts, 47 ; Conn v. Stumm, 31 Pa. 14 ; Hahn v. Leutz, 11 Pa. Dist. Rep. 138.

OPINION BY W. D. PORTER, J., January 20, 1903:
This action came into the court below upon an appeal by the defendant from the judgment of a magistrate.   The plaintiff filed a statement averring in substance that he had entered into a contract with the defendant for the cleaning of a carpet and

that the defendant had undertaken to clean the carpet without causing it to shrink; that the defendant had cleaned and dried the carpet so negligently as to cause it to shrink and that the carpet was by such negligence damaged to the amount of $75.00. The court upon motion of the defendant granted a rule on the plaintiff to show cause why the proceedings should not be dismissed, for the reason that the statement showed that the claim was not within the jurisdiction of the magistrate. This rule was subsequently made absolute, whereupon the plaintiff appealed.

The statement alleged an express contract by the defendant to do the work without causing to the property the very injury of which plaintiff complains. Had there been no such express stipulation there would have arisen from the contract to do the work for a consideration an implied covenant to perform with skill and care. The duty to exercise care, in either case, must spring from contract alone. The action is quasi ex contractu, though the gravamen is laid in tortious negligence for breach of the duty. We are of opinion that the cause of action set forth in the statement was within the jurisdiction of a justice of the peace of which this magistrate was possessed. The question is ruled by Murphy v. Thall, 17 Pa. Superior Ct. 500, and cases there cited.

The judgment is reversed, the proceeding reinstated and the record remitted with a procedendo.