## Seldomridge *v.* Gibble, Appellant.

*Contract—Cultivating tobacco crop on shares—Justice of the peace—Jurisdiction.*

Where on appeal from a judgment of a justice of the peace it appears that the plaintiff and defendant agreed verbally to put out, cultivate and prepare for market a crop of tobacco on land owned by the defendant, and it also appears that the defendant claimed that he performed labor and incurred expenses which should have been done by the plaintiff, and the plaintiff claims that he was ready and willing to do the work and incur the expenses but was wrongfully prevented from doing so by the defendant, the case, on conflicting oral testimony, is for the jury. Such a case is within the jurisdiction of a justice of the peace.

Argued Nov. 16, 1911. Appeal, No. 61, Oct. T., 1911, by defendant, from judgment of C. P. Lancaster Co., Sept. T., 1910, No. 38, on verdict for plaintiff in case of Wayne Seldomridge v. Willis W. Gibble. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Appeal from judgment of justice of the peace. Before LANDIS, P. J.

The facts are stated in the opinion of the Superior Court.

The court charged in part as follows:

[It is undisputed, that Seldomridge put in this tobacco and did the work which was done on it up to the time of the cutting. The defendant says that, at that time, a good deal of it was not topped, and he and his men did this work. If the plaintiff did the work which he did do properly, and was willing to cut the tobacco at a proper time, and was prevented from doing so by Gibble, then Gibble has no right to complain and has no right to charge Seldomridge with the expense of the cutting. The same may be said as to the stripping and baling.] [1]   But it was the duty of Seldomridge to perform his work in a

proper manner, as work of this kind is usually performed. Gibble had no right, arbitrarily, to tell him when to do the work, as he (Seldomridge) had a right to exercise a proper judgment just as well as Gibble had. If, however, Seldomridge delayed unduly, and, because of his unskillful and unworkmanlike manner of taking care of the tobacco, loss would have been sustained by Gibble unless he had the work done, or the tobacco was deteriorating because the work was not done in proper time, then Seldomridge cannot complain because Gibble had the work done, and he is also accountable, under such circumstances, for the expense caused by his refusal properly to do the work.

In this case, there has been paid into court the sum of $25.00, and that is an admission, by Gibble, that there is that much due to Seldomridge. Therefore, your verdict in this case must be for that amount, and the question of costs is a question for the court hereafter. [Seldomridge, however, claims $83.81, and it will be for the jury to ascertain just how much of this is due. If you find an amount to be due Seldomridge, you may add interest on it from about May 1, 1910.] [2]

Verdict and judgment for plaintiff for $48.75. Defendant appealed.

*Errors assigned* amongst others were (1–2) above instructions, quoting them; (5) that the court was allowed jurisdiction.

*B. F. Davis*, for appellant.—Plaintiff was a cropper: Adams v. McKesson, 53 Pa. 81; McCormick v. Skiles, 163 Pa. 590; Fry v. Jones, 2 Rawle, 11; Wanamaker v. Buchanan, 33 Pa. Superior Ct. 138; Cull v. San Francisco, etc., Land Co., 124 Cal. 591 (57 Pac. Repr. 456).

The justice had no jurisdiction: Dormer v. Handwick, 7 Luz. Leg. Reg. 157; Brady v. Gillen, 10 Luz. Leg. Reg. 328; Douglass v. Davidson, 1 Phila. 516; Hill v. Tionesta Twp., 129 Pa. 525; Deihm v. Snell, 119 Pa. 316.

*D. McMullen*, for appellee.—The fact that the owner of

land confers on A, for a money consideration, the right to one field for the purpose of raising crops does not make him a cropper. He becomes a tenant of the field from the time when he is, according to the agreement, to take control of it, until he cuts and removes the crop: Trickett on Landlord and Tenant, 12; Irwin v. Mattox, 138 Pa. 466; Kunkle v. Rifle Club, 10 Phila. 52.

A justice has jurisdiction of an action on a covenant in a lease, or of an action on a book account, and in general of actions for damages for breach of contract: McCullough v. McCullough, 14 Pa. 295; Bank of United States v. Macalester, 9 Pa. 475; Rafferty v. Clark, 2 Pa. C. C. Rep. 301; Shannon v. Madden, 1 Phila. 254; Conn v. Stumm, 31 Pa. 14; Kuhn v. Eggers, 17 Pa. C. C. Rep. 155.

OPINION BY ORLADY, J., March 1, 1912:

These parties agreed verbally to put out, cultivate and prepare for market a crop of tobacco on land owned by the defendant upon terms, in regard to which there is no controversy.

During the cultivation of the crop a dispute arose as to the manner and time in which the work should be done, and after that the defendant performed labor and incurred expenses which under the agreement should have been done by the plaintiff. The crop was prepared for market and sold by the defendant for $115.47. This suit was brought to recover the plaintiff's share.

The only question in dispute was in regard to the claim of defendant for certain money advanced and supplies furnished in protecting and marketing the crop. He admitted a liability of $25.00 and made a tender of that amount in court at the time of the trial. The exact amount to which each was entitled could not be known until the crop was marketed, and the share of each in the aggregate depended on the proper share of labor, material and money each contributed in performing their part of the contract. It was not in the nature of a claim for consequential damages of which a justice of the peace did not have jurisdiction, but

a plain calculation of expenses, and estimate of labor and market value of the crop in accordance with the agreement. The necessity for doing the work in the way and at the time it was done; the good faith of the parties in doing it; and the character and value of the crop all depended upon oral testimony.

The whole controversy was submitted to a jury in a fair and adequate charge. The judgment is affirmed.