# Steward *v.* Renner, Appellant.

*Justices of the peace—Jurisdiction—Appeals—Gratuitous bail-
ment—Counter claim—Evidence.*

An appeal from the judgment of a Justice of the Peace waives
all mere technical errors in the proceedings of the Justice which did
not go to the jurisdiction of that officer.

A Justice of the Peace has jurisdiction of an action, to recover
damages to an article loaned on a gratuitous bailment whether its
form be trespass or assumpsit. It is not the form of the action
but the nature of the subject matter which must decide the ques-
tion of jurisdiction. When the action is for violation of a duty
necessarily springing from contract alone, the action is quasi ex
contractu, though the gravamen be laid in tortious negligence for the
breach of the duty.

Where, in an action for damages to a tractor loaned on a gratui-
tous bailment, the plaintiff failed to define the form of the action, it
was error for the court to exclude evidence of a counter claim which
was founded upon express contract.

Argued December 7, 1925. Appeal No. 76, October
T., 1925, by defendant, from judgment of C. P. North-
ampton County, July T., 1924, No. 16, on verdict for
plaintiff, in the case of David M. Steward v. William
Renner. Before ORLADY, P. J., PORTER, HENDERSON,
TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Action to recover damages to a tractor loaned on a
gratuitous bailment. Before STEWART, P. J.

The facts are stated in the opinion of the Superior
Court.

Verdict for the plaintiff in the sum of $100. and
judgment thereon. Defendant appealed.

*Errors assigned* were, among others, the various
rulings on evidence.

*Smith and Paff*, for appellant.

*H. M. Spengler*, for appellee.

OPINION BY PORTER, J., February 26, 1926:

This case came into the court below upon appeal from the judgment of a justice of the peace. The transcript of the proceedings before the justice, as printed in the record, does not disclose whether the form of the action was trespass, debt or assumpsit; it merely shows that the claim of the plaintiff was for damages to a certain tractor. It is not necessary to inquire whether the record of the proceedings before the justice was so defective that the judgment might have been reversed on certiorari, for the defendant having proceeded by appeal must be presumed to have waived all mere technical errors in the proceedings of the justice which did not go to the jurisdiction of that officer. The plaintiff filed a statement in the common pleas which charged that the liability of the defendant resulted from his contract as bailee. It set out the loan of his tractor to the defendant, that the latter promised to take due care of and securely keep the said tractor, and the breach alleged was that "by and through the mere carelessness, negligence, and improper conduct of the defendant said tractor was greatly damaged." The defendant filed an answer admitting that the tractor had, upon his request, been loaned to him gratuitously by the plaintiff, but denying that he had been guilty of any negligence or misconduct in the use of the tractor and averring that it had not been damaged while in his possession. The defendant also set up a counter claim, which was within the jurisdiction of the justice of the peace. The plaintiff recovered a verdict and judgment in the court below and the defendant appeals.

The defendant contends that his request for binding instructions should have been affirmed by the court below, for the reason that the action was not within the jurisdiction of the justice of the peace, nor of the common pleas upon appeal. The bailment of

the tractor was gratuitous, for the exclusive benefit of the bailee; the defendant was, therefore, bound by the obligation arising from his implied contract to take a high degree of care of the machine, and he became liable to make good to the plaintiff any loss which the latter might sustain by reason of an injury happening to the tractor even from slight neglect on the part of the defendant; Todd v. Figley, 7 Watts 544. It is not the form of the action, but the nature of the subject-matter of it which must decide the question of jurisdiction. When the action is for violation of a duty necessarily springing from contract alone, the action is quasi ex contractu, though the gravamen be laid in tortious negligence for the breach of the duty. This plaintiff's claim is founded upon contract and the justice had jurisdiction of the action, whether its form was trespass or assumpsit; Murphy v. Thall, 17 Pa. Superior Ct. 500, and decisions there cited.

When the defendant attempted to introduce evidence of his counter claim, which was founded upon express contract and the amount of which was within the jurisdiction of the justice, the plaintiff objected upon the ground that the present action was in trespass and not subject to set-off. The court sustained the objection and excluded the testimony, which ruling is here assigned for error. When the plaintiff brought his action before the justice of the peace it might have been given the form of either debt or trespass on the case, in either of which the measure of damages would have been the same. The transcript of the justice fails to show that this was done, all that it does show is that it is for damages to a tractor. The statement filed by the plaintiff in the common pleas does not attempt to define the form of the action, what it does set forth is the contract, the breach thereof by the defendant, the amount of damages sustained and the right to recover. It has been the policy of the courts to give a liberal construction to the Defalcation Act.

In Cook v. Haggarty, 36 Pa. 67, the action was trespass on the case, for negligence, as bailee of certain horses. The plaintiff declared on the contract of bailment and the breach of duty, arising out of the contract, by the defendant. That case cannot be distinguished on principle from the one with which we are now dealing. Mr. Justice Strong, who spoke for the court, said: "The declaration may, therefore, without any violent construction, be treated as one in assumpsit. That proper care is averred to have been the duty of the defendant under the contract, does not necessarily make the declaration sound in tort. Every action of debt is based upon an alleged legal duty;" and it was there held that evidence of a counter demand, against the plaintiff, was admissible in evidence. The plaintiff in the present case is seeking to recover damages for breach of one contract, and the defendant should have been permitted to show that the plaintiff was indebted to him for the breach of another contract, both claims being within the jurisdiction of the justice of the peace. The fourth assignment of error is sustained.

The plaintiff having produced evidence that the tractor was in good condition when loaned to the defendant, and as to the parts of the machine which had been injured by the negligence of the bailee, the court did not err in admitting evidence as to cost of the repairs, such cost not having exceeded the original value of the machine.

The judgment is reversed and a venire facias de novo awarded.