## Watson v. South Penn Telephone Company.

H. C. *Sayers,* for plaintiff; C. W. *Waychoff,* for defendant.

SAYERS, P. J.—After the *certiorari* in this case was filed, exceptions were filed to the record of the justice and a rule was issued on the defendant to show cause why the judgment should not be reversed and the proceedings before the justice set aside.

An answer to the rule and exceptions was filed by plaintiff, in which it was objected that the exceptions to the record were not signed by an officer for defendant corporation, nor had any person on behalf of defendant made the affidavit that such exceptions were "not filed for purposes of delay, but because it is believed they raise questions requiring the action and decision of the court in order to prevent injustice," as required by section 1, rule 25 of the rules of this court.

The affidavit for the *certiorari* sets forth that the application for the writ was not made for the purpose of delay, but because it is believed that the proceeding before the justice is unjust and illegal and will oblige the defendant to pay more money than is justly due plaintiff.

The exceptions to the record should have been accompanied by an affidavit made by an officer of the corporation, as required by the above-recited court rule, and it would be better to have the exceptions signed by an officer of the defendant corporation. The objection to the defendant's exceptions will be overruled, because the affidavit filed with the præcipe for *certiorari* is substantially the same in form and substance as the affidavit required to be filed with the exceptions by the above rule of court, and the exceptions to the record will be reviewed on their merits. The first objection to the record is that it does not show the date upon which the hearing was held nor the hour thereof. The record shows that the summons was issued and served on May 7th, and was returnable between 1 and 2 o'clock P. M. on May 13, 1926, and it appears that a hearing was held upon that day and at that hour, although the record does not specifically set forth that fact. The record discloses that "defendant before beginning trial entered objection to the jurisdiction of the justice of the peace for reason that action is for consequential damage. Parties appear."

We think the record is sufficient to show that the hearing was had at the hour and date set forth in the summons.

"It needs no citation of authority to sustain the principle that every fair presumption consistent with the record will be made in favor of proceedings before a justice of the peace. On *certiorari*, no presumption of want of jurisdiction will arise from mere informality in the statement of the cause of action, and the Act of March 20, 1810, section 22, provides that proceedings before a justice of the peace shall not be reversed for informalities where the record shows a due issuance and service of process and the giving of judgment on the date fixed by the process:" Brazinski *v.* Gardner, 75 Pitts. L. J. 262.

In proceedings before justices, every fair presumption is to be made in their favor by the court: Moore *v.* Gochly, 7 Lanc. Law Rev. 161. There being nothing in the record to the contrary, it is presumed that the hearing was held on the day and hour set forth in the summons.

The second exception is to the effect that the record does not fairly state the cause of action. The parties appeared and defendant objected that the justice had no jurisdiction for the reason set forth above, and the record immediately thereafter continues as follows: "Plaintiff appears and claims the sum of $4.42 damages incurred by reason of being deprived of use of telephone lines owned or operated by defendant. Defendant admits amount of damage and also that plaintiff was denied use of lines. Defendant denies responsibility for damages, and, due to the fact that plaintiff had refused to pay for a former message to the amount of fifty (50) cents, had a right to deny use of telephone lines."

The damages claimed by the plaintiff in this case, as disclosed by the record, evidently grew out of a contract relation between the parties, express or

implied, and a claim for damages for breach of contract. The court would have jurisdiction of such an action if the claim did not exceed $100.

The law on this subject is set forth in Murphy v. Thall, 17 Pa. Superior Ct. 500, 502: "Case and *assumpsit* are sometimes concurrent remedies, and a complainant may elect which he will adopt, yet if the subject of the action is based and dependent upon the existence of a contract, express or implied, the suit will be attended by all the incidents of an action *ex contractu* so far as jurisdiction is concerned. When the action is for the violation of a duty necessarily springing from contract alone, the action is quasi *ex contractu*, though the gravamen be laid in tortious negligence for breach of the duty. In Livingston v. Cox, 6 Pa. 360, Mr. Justice Bell, who spoke for the court, quoted with approval the language of Sir James Mansfield in Weall v. King, 12 East, 452: 'The form of the action cannot alter the nature of the transaction, though the non-performance of that which is originally contract may be made the subject of an action of tort, the foundation of that action must still be in contract.' When the action springs simply from tort, and is not dependent upon any contract relation or course of dealing between the parties and the injury is consequential, it lies not within the statutory jurisdiction of a justice of the peace. When the plaintiff's claim is founded upon a contract, other than those specifically excepted by the statute, and does not exceed the amount limited, it is within the jurisdiction of a justice of the peace, whether the action be in *assumpsit* or in case for a breach of duty imposed by the contract: Hunt v. Wynn, 6 Watts, 47; McCahan v. Hirst, 7 Watts, 175; Todd v. Figley, 7 Watts, 542; Conn v. Stumm, 31 Pa. 14; Reeside's Executor v. Reeside, 49 Pa. 322; Zell v. Dunkle, 156 Pa. 353."

This same law has been affirmed in the later cases of Birkhead v. Ward, 35 Pa. Superior Ct. 235; Seldomridge v. Gibble, 49 Pa. Superior Ct. 498, and Steward v. Renner, 87 Pa. Superior Ct. 411.

In the case of Moore v. Gochly, *supra*, the court, speaking of what appeared on the face of the record, says: "It cannot be assumed that the trespass appearing on the face of the alderman's transcript is trespass on the case where the damage would be consequential." It must, therefore, be assumed that the above record discloses a contract relation between the plaintiff and the defendant, either express or implied, and that the plaintiff claims damages due him for a breach of duty owed him by the defendant, which is a public service corporation. The record of the justice indicates conclusively that, in the opinion of the justice, the suit was not for consequential damages, but for damages growing out of a breach of contract, express or implied. If the language used, though technically and verbally inaccurate, does, by every reasonable intendment, show a cause of action for which suit may be brought before a justice of the peace, the jurisdiction should be sustained: Youngblood v. Folkner, 2 Kulp, 429.

For this reason, the second exception is refused, and likewise the fourth and fifth exceptions, which set up that the justice had no jurisdiction because the action was for consequential damages.

The third exception is that "the record does not show judgment against the defendant, the South Penn Telephone Company, for any amount whatever." The judgment entry is: "And now, May 22, 1926, judgment for the plaintiff rendered in the sum of Three and 92/100 ($3.92) dollars."

"We need hardly stop to say that a judgment in favor of the plaintiff, without more, is a judgment against the defendants named in and served with process, unless there is something on the record to show that one or more of them is excepted:" Rockwell v. Tupper, 7 Pa. Superior Ct. 174, 177. A judg-

ment similar in form to the one in this case was entered in Jacobs *v.* Krajewski et al., 25 Dist. R. 295. See, also, Burns et al. *v.* Drury, 18 Dist. R. 971, and Evans *v.* Brown, 19 Dist. R. 22. The third exception is, therefore, dismissed.

The sixth exception is that "the record does not show any day or hour certain set for the rendition of said decision or judgment;" the seventh exception that "no notice of the rendition of said judgment of May 22, 1926, was given the defendant;" the eighth exception that "the transcript does not show that the rendition of said judgment of May 22, 1926, was in any way called to the attention of the defendant;" and the ninth exception that "the transcript does not show that the decision of the justice was rendered within ten days after the hearing."

The transcript does show that the summons was returnable on May 13, 1926, between the hours of 1 and 2 o'clock P. M., and that a hearing was had, pursuant to the summons, at the time and place where the parties appeared, and at the close of the hearing the record shows an entry, "Decision reserved."

The transcript shows that the decision of the justice was entered within ten days after the hearing, the hearing being on May 13th, and judgment entered on May 22, 1926. It does not show any continuance from the date of the hearing on May 13, 1926, to any fixed time at which judgment would be rendered, except as implied by law that it would be entered within ten days. It is contended on the part of the plaintiff, on the authority of Black *v.* Black, 12 Dist. R. 424, that "the Act of March 22, 1877, P. L. 13, providing that justices of the peace and aldermen shall 'render judgment in any cause or causes pending before them within a period of ten days after all the evidence in said causes shall have been heard,' and also providing for a fine of $100 upon failure to comply with the act, is directory merely, and a judgment entered by a magistrate after the ten days have elapsed is valid and not affected by his neglect of duty."

In that case, it appeared that although the justice entered judgment ten days after the date of his hearing, he informed defendant's counsel of the entry of the judgment upon the day in which it was entered.

In Boyd *v.* Ward, 10 Pa. C. C. Reps. 9, the court held: "If a justice reserve his decision until an hour certain and fail to render judgment at the time fixed or to make a further order in the case, a party, after waiting a reasonable time, may depart, assuming that the justice will take the ten days allowed by Act of March 22, 1877, or that he will give special notice of his decision if it be entered sooner. Under such circumstances, the time for appeal runs from the end of the ten days or from the date of notice of the judgment, if such notice be given before the ten days expire."

In the case of Hirsh *v.* Dluge, 8 D. & C. 109, it was held that where a justice of the peace reserves his decision without making an adjournment of the case to a day and hour certain, a judgment subsequently rendered without notice to the parties will be reversed on *certiorari*.

When the justice made the general entry "Decision reserved," counsel for defendant knew that decision must be rendered in ten days thereafter, and he needed no further notice to that effect.

In Hoffner *v.* Kottka, 2 Pearson, 360, the court held: "The justice was bound by that statute to give judgment within ten days. His proceeding was equally erroneous under the old law, on which the new is no improvement, but rather the reverse. After hearing a case under the Act of 1810, the justice is required to give judgment publicly, or, on failure so to do, he must publicly adjourn the cause to a day certain. And if from any reason the judgment

cannot then be rendered, he must notify the parties to appear before him on a day certain to hear his judgment. Any other action is erroneous and likely to lead to great injustice."

The better opinion is that where a justice of the peace reserves his decision generally, the time for appeal or *certiorari* should run from the end of the ten days, or if the decision is given within the ten days, from the time notice of such decision is given. The defendant has not been prejudiced by the action of the justice in this case. The decision was entered on May 22, 1926, and the *certiorari* was entered on June 11th, and the defendant, consequently, was not deprived of any legal right he had by the failure of the justice to give notice of the date he entered judgment in this case.

The last exception sets forth that the record does not show that judgment was publicly rendered for the plaintiff.

In Snyder *v.* Carfrey, 54 Pa. 90, it was held that the judgments of a justice have been publicly given is to be presumed from the public character of the officer. He pronounces his judgments in his office, and they are public. "The record need not disclose that the judgment was publicly rendered:" Mowery *v.* Mertz, 15 Dist. R. 346.

*Order.*—And now, Dec. 19, 1927, proceedings are affirmed, the exceptions to the record are overruled and dismissed, and the rule to show cause is discharged, at the cost of the defendant.

From S. M. Williamson, Waynesburg, Pa.