## Dussinger v. Keemer.

*J. Andrew Frantz,* for appellant.

GROFF, J., Jan. 18, 1930.—In this case it appears that J. G. Keemer, the defendant, whose business is pressing and cleaning clothing, and who is located on East King Street, in the City of Lancaster, Pennsylvania, accepted from the plaintiff a suit of clothes left with him for cleaning and repairs, which the plaintiff claims was destroyed by the defendant.

Suit was brought before A. K. Spurrier, an alderman for and in the City of Lancaster, and on Oct. 8, 1929, a summons was issued by the said alderman, commanding the defendant to appear before him on Oct. 15, 1929. On that

day a hearing was had before the said alderman. The defendant failed to appear, and judgment was entered against defendant, after hearing the evidence of plaintiff, for $11.75 to compensate plaintiff for the injury done to her suit by the defendant. On Nov. 2, 1929, the defendant issued a writ of *certiorari* to the alderman and brought the record into this court. The exception he filed to the record is as follows: "The alderman's docket in this case is fatally defective because, (1) although the summons was issued in *assumpsit*, nevertheless the testimony shows that the action is an action in trespass 'for the damages to and the destruction of a suit of clothing left with defendant for cleaning and repairs.'"

This was a bailment in which the suit of clothes was deposited by the plaintiff, bailor, with the defendant, bailee, for the purpose of having it repaired.

" 'Bailment,' says Sir William Blackstone, 2 Blackstone's Comm. 451, 'from the French bailler, to deliver, is a delivery of goods in trust, upon a contract expressed or implied, that the trust shall be faithfully executed on the part of the bailee;' or, as Mr. Justice Story has it, 'for some special object or purpose, and upon a contract express or implied.' All the writers, as also all the authorities on this head, concur in laying it down that every species of bailment is founded upon a contract, either express or implied."

The presumption here is that the bailor would pay the bailee a reasonable compensation for his services, or even if the bailee would perform his duties without payment, there would be a presumption that the goods were to be returned to the bailor in good condition.

The damage claimed by the plaintiff in this case, as disclosed by the record, evidently grew out of a contractual relation between the parties, expressed or implied, hence, a claim for damages for breach of contract.

The alderman had jurisdiction in this action because the claim did not exceed the amount over which he had jurisdiction. The law on this subject is set forth in Murphy *v.* Thall, 17 Pa. Superior Ct. 500, 502: "Case and *assumpsit* are sometimes concurrent remedies, and a complainant may elect which he will adopt, yet if the subject of the action is based and dependent upon the existence of a contract, express or implied, the suit will be attended by all the incidents of an action *ex contractu* so far as jurisdiction is concerned. When the action is for the violation of a duty necessarily springing from contract alone, the action is *quasi ex contractu*, though the gravamen be laid in tortious negligence for breach of the duty."

The whole subject is discussed in the case just cited, and it is concluded that: "When the plaintiff's claim is founded upon a contract, other than those specifically excepted by the statute, and does not exceed the amount limited, it is within the jurisdiction of a justice of the peace, whether the action be in *assumpsit* or in case for a breach of duty imposed by the contract."

It makes no difference what name an alderman gives to an action as long as he has jurisdiction, but in this particular case we conclude that the action being based upon an implied contract, the summons was properly issued in *assumpsit*. The record here shows that judgment was publicly given for the plaintiff against the defendant for $11.75 and costs of suit on Oct. 15, 1929, at 2.40 o'clock in the afternoon. The suit, therefore, seems to have been properly brought, the judgment was properly rendered, after a hearing, and we, therefore, enter the following order:

And now, Jan. 18, 1930, proceedings are affirmed, the exception to the record is overruled and dismissed, and the rule to show cause is discharged, at the costs of the defendant.

From George Ross Eshleman, Lancaster, Pa.