## Halifax Area Joint School System v. Chaundy

*Henry E. Harner*, for plaintiffs.

*William W. Lipsitt* and *James W. Evans*, for defendant.

NEELY, P.J., June 4, 1962.—This matter is before us on defendant's preliminary objections in the nature of a demurrer to plaintiffs' complaint in assumpsit. The complaint alleges that plaintiffs are the Halifax Area Joint School System, comprising Halifax Borough and Halifax, Jackson and Wayne Townships, in this county, and that defendant was their duly elected secretary. It is alleged that during her "secretaryship" between the first Monday of July, 1957, and the first Monday of July, 1959, defendant misappropriated plaintiffs' funds in the amount of $7,321.31, of which amount there has been repaid to plaintiffs the sum of $6,795.69, leaving an unpaid balance of $525.62, as set forth in the accountants' report attached to the complaint as an exhibit. It is also alleged that because of the misappropriation of these moneys, plaintiffs were obliged to retain the services of Main and Company, certified public accountants, for which services they paid the sum of $3,290.

In support of her demurrer, defendant argues that plaintiffs' action is improperly brought in assumpsit. It is argued by plaintiffs that defendant committed a tort and the action was properly laid in assumpsit because plaintiffs waived the tort and brought suit in assumpsit. While the preliminary objections also include with respect to the claim of $3,290 a motion for more specific complaint, as well as a motion to strike, our decision on the demurrer disposes of all questions.

To the extent that this suit is prosecuted for moneys that were misappropriated, the tort could be waived and an action of assumpsit maintained. Implied assumpsit is an undertaking presumed to have been made by a party from his conduct. It is based on his implied promise, although he has not made any express promise. While this complaint, in paragraph 4, is less than artfully drawn, because it refers to the whole report of the accountants and amounts to pleading of plaintiffs' evidence, we feel that since it charges misappropriation of funds amounting to fraudulent and improper conduct, we should be liberal in allowing plaintiffs to prove their claim of implied assumpsit based on the conduct of this defendant.

" 'It is more desirable, when fraud is charged, to pass upon the merits of the cases rather than to rely upon technicalities of pleading' ": Williams v. Rose, 403 Pa. 619, 624 (1961); Gallagher v. Merry, 366 Pa. 258, 261 (1951). When the sustaining of preliminary objections will result in dismissing the suit, it should be done only in cases that are clear and free from doubt: Robinson v. Philadelphia, 400 Pa. 80, 82 (1960); Gardner v. Allegheny County, 382 Pa. 88, 94 (1955).

In South Hills Trust Co. v. Baker, 278 Pa. 481 (1924), and Second National Bank of Altoona v. Gardner, 171 Pa. 267 (1895), it was held that where moneys have been wrongfully appropriated by an employe, the employer may waive the tort and sue in assumpsit for money had and received (implied assumpsit). It is our view that the demurrer to plaintiffs' claim with respect to the balance amounting to $525.62, as set forth in paragraph 4 of the complaint, must be overruled. We must now consider plaintiffs' claim for payment of the accountants' charges in the amount of $3,290, as shown in paragraph 6 of the complaint.

A plaintiff may "waive the tort, and claim in assumpsit . . . only in cases where there is a contract either expressed or implied": Boyer v. Bullard, 102 Pa. 555, 558 (1883). A plaintiff may not sue in assumpsit for a naked tort, such as for: a claim based on negligence resulting in damages in an automobile accident (Sims v. Griest, 67 D. & C. 88 (1949); Bright v. Brown, 23 Northumb. 157 (1951)); an action against a constable for not paying rent in arrears out of proceeds of an execution levied on goods upon the leased premises (Seitzinger v. Steinberger, 12 Pa. 379 (1849)); by the same token, suit in assumpsit will not lie where one tortiously detains the goods of another (Bethlehem Borough v. Perseverance Fire Co., 81 Pa. 445 (1876)); nor can such suit be brought to recover the purchase price of certain corporate bonds based on the claim that they were fraudulently represented, plaintiff's remedy being an action in tort for fraud (McElwee v. McCreight, 236 Pa. 545 (1912)). Cf. McCullough v. Ford Natural Gas Company, 213 Pa. 110, 113 (1905).

"In all cases where the action is not on the contract, but for the breach of a collateral duty, the gist is a personal tort; as where a smith pricks a horse in shoeing, or a farrier kills him by bad medicines or neglect; and it is emphatically the gravamen in an action against a barber for barbering his customer negligenter et inartificialiter: . . . That the defendant's liability arose remotely out of a contract, therefore, is by no means decisive of the question. . . . A special action on the case lies for what is substantially a tort, although a tort deducible from the existence of a contract": Zell v. Arnold, 2 P. & W. 292, 295 (1830). Cf. Hunt v. Wynn, 6 Watts 47 (1837); McCahan v. Hirst, 7 Watts 175 (1838); Todd v. Figley, 7 Watts 542 (1838).

And these ancient rules have been reiterated in

modern cases. For the unlawful detention of a chattel, assumpsit will not lie, such detention being a tort—trover at common law—and there being no implied promise to pay damages therefor (Anderson Equipment Company v. Findley, 350 Pa. 399, 401 (1944)); the rule being different, however, where the chattel has been converted, in which case the law implies a promise to pay for which an action in assumpsit will lie for money had and received,—implied assumpsit (McDonald v. First National Bank of McKeesport, 353 Pa. 29 (1945)). In 24 Am. Jur., Fraud and Deceit, §224, page 52, it is said that: "Where the defrauded person sues in assumpsit, the amount of the guilty party's gain, not the amount of the victim's loss, is the measure of what is recoverable, for assumpsit lies only where the person sought to be held for the fraud has derived some benefit from the tort, and recovery is limited to the amount of that benefit."

In Prest v. Inhabitants of Town of Farmington, 117 Me. 348, 104 Atl. 521, it was expressly held that the duty to pay for damages occasioned by a tort (in that case extra compensation for work induced by defendant's fraud), does not imply a promise to pay such damages upon which an action of assumpsit can be maintained.

In the instant case, it would seem to us that because of the tort that was allegedly committed by defendant, there was an implied promise to pay the amount of any defalcation. But even though the damages with respect to the accountants' charges ($3,290) resulted from the tort and there was a duty to pay those damages, the law does not imply a promise to pay them so as to give rise to an action in assumpsit. The gist of the action for the accountant's charges is for a personal tort.

Stated in another way, it is alleged in paragraphs 4 and 6 that damages were occasioned because of

defendant's tortious conduct. While these damages are deducible from the contract of employment, the wrongs allegedly done by defendant were committed apart from that contract and are collateral to it. Such, we think, is the gist of all the foregoing cases which we have heretofore cited. There is an implied promise to pay for the moneys misappropriated supporting an action in assumpsit. No such promise is implied to pay the accountants' charges, even though the duty exists to pay these damages which are recoverable only in a tort action.

Defendant is not entitled to prevail in her demurrer as to paragraph 4 and is entitled to do so as to paragraph 6 of the complaint. Accordingly, we herewith enter the following

*Order*

And now, June 4, 1962, defendant's demurrer as to paragraph 4 of the complaint is overruled, and as to paragraph 6 the demurrer is sustained.