## McElwee, Appellant, v. McCreight.

*Vendor and vendee—Suit for purchase money—Fraud—Actions.*

An action of assumpsit cannot be maintained to recover a balance of purchase money due on a contract for the sale of land, where the pleadings and evidence show that the purchase money was paid and settled for, either in money or bonds, accepted by the grantor in the deed, and retained by him, if it appears that the ground of the plaintiff's action was that certain of the bonds were worthless, and had been accepted by the grantor under false representations. Under such circumstances the plaintiff's remedy is an action in tort for the fraud.

Argued April 16, 1912. Appeal, No. 230, Jan. T., 1912, by plaintiffs, from order of C. P. Clearfield Co., Dec. T., 1909, No. 224, refusing to take off nonsuit in case of Elizabeth Ann McElwee and Mary E. Carroll, Executrices of Thomas McElwee v. M. I. McCreight. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover balance of purchase money under a contract for the sale of land. Before A. O. SMITH, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*H. C. Campbell,* with him *J. C. Long,* for appellant.— The action was properly brought: Duffield v. Rosenweig, 144 Pa. 520; Miller v. Rapid Transit Co., 181 Pa. 622; Rumsey v. Shaw, 25 Pa. Superior Ct. 386.

*A. L. Cole,* with him *L. E. Boyer,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, May 22, 1912:

Thomas McElwee, a man of seventy-two years of age, gave a six months' option on his one hundred and twenty-seven acre farm to J. S. Ross and J. A. Mc-Creight, who subsequently assigned the option to M. I. McCreight, the defendant. The option was accepted and on October 24, 1903, a deed was delivered to M. I. McCreight conveying the land optioned by the decedent. Twenty dollars were paid at the time of the option, and on delivery of the deed the balance of the purchase money was paid as follows: forty-nine hundred and eighty dollars by a check, and the remaining five thousand dollars by the delivery to the decedent of three thousand dollars of the B. & S. Railroad Company bonds, and two thousand dollars of the Continental Leather Company bonds.

Thomas McElwee died on November 4, 1904. In October, 1909, his executrices brought this action. The statement avers, inter alia, that the consideration for the land sold was to be paid in cash, that at the time the bonds were offered as part payment McElwee objected to receiving them because he was ignorant, unacquainted with business, and had no knowledge of the value of the bonds, that defendant represented and stated that the bonds were as good as gold and were better to him than the money, that in order to induce McElwee to take the bonds, the defendant, "guaranteed the bonds of the Continental Leather Company, Nos. 314, 316, 317 and 319 for five hundred ($500.00) dollars each, dated July 1, 1903, to be as good as gold," that relying upon the truth of these representations McElwee accepted the four bonds in part payment for the land, and that the bonds were at that time and are utterly worthless. It is further averred in the statement that as soon as the plaintiffs learned the facts attending the delivery of the bonds to McElwee, they offered to return them to the defendant and demanded payment of the two thousand dollars, being

the balance of the consideration for the land sold by McElwee to the defendant. Finally, it is averred in the statement that the sum of two thousand dollars with interest thereon from the date of the delivery of the deed remains due and unpaid, and "that the plaintiffs bring this action against the defendant, M. I. McCreight, to recover the sum of two thousand dollars, being balance of purchase money due on said land, together with interest thereon from the date of the delivery of the deed, which sum the plaintiffs claim still remains due and unpaid."

On the trial of the cause the plaintiffs sustained the averments in the statement as to the land sold, the price to be paid, the delivery of the deed, and the payment of the consideration, partly in money and partly by the bonds. There was also evidence offered by the plaintiffs which would have warranted the jury in finding that McCreight made the representations and guaranty of the bonds as alleged in the statement. While there was proof that the Continental Leather Company bonds were worthless, the evidence failed to show that McCreight had knowledge of their worthlessness at the time they were negotiated to McElwee in 1903. At the close of the plaintiffs' case the defendant moved for a compulsory nonsuit alleging as one of the reasons that the plaintiffs having declared for a balance of purchase money due on a contract for the sale of land and having proven that the purchase money was paid and settled for, either in money or bonds accepted by the grantor in the deed and retained by him, there could be no recovery in this case by his personal representatives. A nonsuit was granted which the court subsequently refused to take off. The plaintiffs have appealed.

While the statement avers sufficient matters on which an action for tort would lie, it is clear that the present suit in assumpsit was brought, as the statement declares, to recover the balance of the purchase money

due on the land sold. The statement clearly and distinctly avers that McElwee tendered and delivered a deed to McCreight conveying the land, that the consideration was paid partly by check, partly by the delivery of B. & S. Railroad Company bonds, and partly by the four Continental Leather Company bonds which McElwee "did accept in part payment for said land." These averments were supported by the evidence and were not contested by the defendant. It is, therefore, manifest that the entire transaction as to the sale of the land was completed and closed, the consideration was paid, and the deed was delivered. The plaintiffs, therefore, are not now in a position to deny, what they aver in their statement and support by their evidence, that the Continental Leather Company bonds were accepted in part payment of the land sold, which made the consideration in full agreed to be paid by the defendant to the deceased. It needs no further consideration or argument to show that under the facts averred in the statement and supported by the uncontradicted evidence, that this action, brought to recover a balance of the purchase money, cannot be sustained.

If the allegations in the statement as to misrepresentations and warranty of the value of the bonds by McCreight are true, it is apparent that the plaintiffs misconceived their action. The present action, as suggested by the court below, was not brought for a breach of contract of guaranty or warranty, nor for a tort for fraudulent misrepresentations. If such were the basis of the plaintiffs' claim on which they relied to recover the two thousand dollars, their action should have been in the proper form. The difference between such an action and that to recover a balance due for purchase money is well understood by every lawyer. The learned court below seems to think that there was no proof of fraudulent misrepresentations. Be this as it may, or whatever cause of action the plaintiffs may have arising out of the sale of the land in ques-

tion, it is clear that under the pleadings and evidence they have shown no right to recover for any balance of the purchase money of the land sold by their decedent to the defendant. If, as the learned counsel for the plaintiffs allege, Thomas McElwee, by reason of his advanced age and ignorance of business matters, was defrauded by McCreight in the manner complained of, there was an appropriate action by which the plaintiffs could have been fully compensated for the alleged injury. We must deal with this action upon the pleadings and proofs as presented. The nonsuit was properly granted.

The judgment is affirmed.