Herbert Rockwell, Appellant, v. S. B. Tupper et al.

*Judgment—Equitable review.*

A court of equity has not the revisory jurisdiction over judgments pertaining to courts of error or appeal; this is as true of judgments obtained before a justice as it is of those obtained in a court of record.

*Judgment before a justice—Review—Equitable jurisdiction.*

Where a justice of the peace has jurisdiction of the parties and the cause of action, and proceeds in the mode prescribed by law to judgment, the remedy for the correction of his errors, whether of fact or of law, is by appeal; where the proceedings, as shown by his record, are irregular or contrary to law, the party aggrieved has a remedy by certiorari. He cannot neglect to avail himself of these remedies and then appeal to a court of equity to restrain his adversary from enforcing the judgment.

*Judgment—Regularity thereof against defendants named.*

A judgment in favor of a plaintiff, without more, is a judgment against the defendants named in, and served with, process, unless there is something on the record to show that one or more of them was excepted.

Where defendants are sued as president, secretary, etc., of a joint stock company, a judgment for the plaintiff is a judgment against the defendants personally. The addition of the official titles to the names of the defendants is to be regarded as descriptio personæ, and rejected as surplusage.

Argued Jan. 17, 1898. Appeal No. 6, Jan. T., 1898, by plaintiff, from order of C. P. Bradford Co., Sept. T., 1896, No. 3, in equity, dissolving preliminary injunction. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Bill for preliminary injunction. Before DUNHAM, P. J., of the 44th judicial district, specially presiding.

The facts sufficiently appear in the opinion of the court below.

In this case a preliminary injunction was granted on July 31,

1896, restraining the above named defendants from selling the property, mentioned in the plaintiff's bill, as having been levied upon by Geo. B. Brister, the constable, who levied upon certain property under an execution issued by LeRoy Coleman, a justice of the peace, upon a judgment obtained before said justice in favor of S. B. Tupper against Herbert Rockwell, president; Harry Stevens, secretary; H. A. Ross, treasurer, of the Stevensville Creamery Association, Limited, of Pike township. From the transcript and summons which were admitted to be correct, it appears that a summons was issued by the justice in which the constable was commanded to "summon Herbert Rockwell, president; Harry Stevens, secretary, and H. A. Ross, treasurer, of Stevensville Creamery Co., Limited, of Pike township in the county aforesaid, so that they be and appear," etc. The summons also shows by the return of the constable, that he served the same personally on "within named defendants Herbert Rockwell, Harry Stevens and H. A. Ross by personally producing the original writ to them and informing them of the contents thereof." And the transcript shows that on November 12, 1895, the "defendants" not appearing judgment was given, etc.

From the foregoing it is plain that the justice entered judgment against the three persons named as defendants.

That they were duly served with notice of the trial by the summons and have never appealed or attempted to have the proceedings set aside by certiorari or otherwise. We cannot now go back of the entry of judgment by a court of competent jurisdiction to see what the court ought to have done, or to inquire into a cause of action upon which that suit was brought.

Many cases have been cited by the very able counsel for the plaintiff, which would be to the point and would probably rule this case in favor of the plaintiff in this case, were this case being heard upon appeal, so that we might go into the merits of the claim of the plaintiff in the suit before the justice. But we are unable to see how we can go back of the justice's judgment.

There is still another reason why we cannot sustain this injunction and that is, it was granted without injunction affidavits being filed, and therefore, granted without authority for such granting.

Preliminary injunction dissolved. Plaintiff appealed.

*Errors assigned* among others were (1) in holding that from the transcript and summons in the case of S. B. Tupper v. Herbert Rockwell, Pres., Harry Stevens, Secy. and H. A. Ross, Treas., of the Stevensville Creamery Association, Limited, "it is plain that the justice entered judgment against the three persons named as defendants," and that judgment had been entered against the said officers in their personal capacity.    (3) In not continuing the preliminary injunction.

*J. C. Ingham*, with him *D'A. Overton*, for appellant.—There was no personal liability on the part of any of its members or officers of the joint stock company: Coal Co. v. Rogers, 108 Pa. 147; Stevens v. Ball Club, 142 Pa. 52.

A judgment must be sustained by the pleadings: Dennison v. Leech, 9 Pa. 164.

A judgment against a party in one right or capacity is "not binding upon him in another right or capacity:" 12 Am. & Eng. Ency. of Law, 90.

*I. McPherson*, with him *E. J. Angle*, for appellee.

OPINION BY RICE, P. J., April 18, 1898:

Without attempting to define the precise limits within which a court of equity will interfere to restrain parties from availing themselves of judgments obtained at law, it is perfectly safe to say that it has not the revisory jurisdiction over them of a court of error or appeal.    And this is as true of judgments obtained before a justice as it is of those obtained in a court of record. Where a justice of the peace has jurisdiction of the parties and the cause of action, and proceeds in the mode prescribed by law to judgment, the remedy for the correction of his errors, whether of fact or of law, is by appeal; where the proceedings, as shown by his record, are irregular or contrary to law, the party aggrieved has a remedy by certiorari.    He cannot neglect to avail himself of these remedies and then appeal to a court of equity to restrain his adversary from enforcing the judgment upon the ground that he was not personally liable to the plaintiff upon the facts of the case, or that the statement of the plaintiff's demand as entered on the docket of the justice does not show all the elements of a perfect legal liability, formally pleaded.    Such

a judgment is not absolutely void, but only erroneous or irreg-
ular, and the legal remedies for reviewing, correcting and setting
it aside are adequate.   Hence the authorities cited to show that
there was no personal liability on the part of the members or
officers of the association have no direct application.   That ques-
tion was determined by the judgment entered by the justice—
assuming that the record shows a personal judgment against
the parties served with process—and is not open for review
in this suit.   Nor would the fact that the execution was not
warranted and supported by the judgment give equity jurisdic-
tion in the absence of special facts going to show that the ordi-
nary remedy for setting aside such an execution, by certiorari,
would be inadequate.

We come then to the single question in the case, namely:
does the record on the docket of the justice of the peace show a
personal judgment against the plaintiff in this bill?

We need hardly stop to say that a judgment in favor of the
plaintiff, without more, is a judgment against the defendants
named in, and served with, process, unless there is something
on the record to show that one or more of them was excepted.

It is argued, however, that because the defendants were de-
scribed in the summons and caption of the suit as the president,
secretary and treasurer of the association, therefore it must be
presumed that the judgment was entered against them in a rep-
resentative or official capacity and not personally.   But there
could be no such thing as a judgment against them in a repre-
sentative capacity, and in that important particular the analogy
between a judgment against a man as executor, and one describ-
ing him as president of a corporation or joint stock company
fails.   The Act of May 1, 1876, P. L. 89, provides that such
associations shall be sued in their association name, and a judg-
ment against the president to be levied of the goods, etc., of the
association would be a novelty.

Again, it is argued that because the record shows that the
plaintiff's claim was for the "amount due him for cream sent
to the said creamery" it is to be presumed that the suit was
brought for a debt of the association, and that the justice in-
tended to enter judgment against the latter and not against the
officers personally.   There is authority for saying that an ob-
scure judgment entry may be construed with reference to the

pleadings and record, and if, in the present case the record showed that the action was brought to enforce a liability of the association, there would be much force in the argument of the appellant's counsel. We are unable, however, to concede the premises. The averment that the cream was "sent to said creamery" does not carry with it the implication that it was sold to the association operating the creamery; it is rather to be implied, after judgment and in a collateral proceeding, that it was delivered at the instance and request of the individuals sued. Therefore, without further elaboration, we conclude that the addition of his official title to the name of the defendant is to be regarded as descriptio personæ, and rejected as surplusage.

The plaintiff in this bill and his codefendants in the action brought before the justice were in default from the beginning. They did not appear to the action nor appeal from the judgment nor sue out a writ of certiorari. They are not, therefore, entitled to the aid of a court of equity to relieve them from the consequences of their neglect to avail themselves of their legal remedies. And, there being no clear implication from the record to the contrary, the judgment must be regarded, in a suit brought to prevent or control the execution of it, as having been entered against the defendants personally. Even if the record were ambiguous they had an adequate remedy at law, by certiorari, and it was their duty to pursue it.

The decree is affirmed and the appeal dismissed at the costs of the appellant.