# Wahl v. Poore, Appellant.

*Justice of the peace—Attachment execution—Return of no goods—Certiorari—Twenty days' limit.*

Where a judgment has been entered by a justice of the peace against a garnishee in an attachment execution, and the garnishee fails to sue out a certiorari within twenty days after judgment rendered, he cannot in the court of common pleas except that the justice was without jurisdiction because the attachment execution was not preceded by an execution with a return of "no goods."

Argued March 7, 1911. Appeal, No. 25, March T., 1911, by defendant from order of C. P. Lackawanna Co., March T., 1910, No. 823, quashing writ of certiorari in case of George Wahl v. John B. Poore and D. N. Gallen, Garnishee. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Certiorari to a judgment of a justice of the peace. Before NEWCOMB, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was order quashing writ of certiorari.

*Cole B. Price*, for appellant.

*R. L. Levy*, for appellee, filed no printed brief.

OPINION BY RICE, P. J., May 11, 1911:

The proceedings brought up for review by this appeal may be summarized as follows: May 22, 1909, judgment before a justice of the peace, in favor of the plaintiff and against the defendant, in an action of debt; September 8, 1909, attachment execution issued and returned non est inventus, etc., as to the defendant; September 15, 1909, appearance and acceptance of service by the garnishee named in the writ; September 16, 1909, judgment entered against the garnishee for $157.50 with costs; "said judgment [we quote from the transcript] being against the funds that he has in his possession owing to the said John B. Poore, and not against any personal property or real estate of the said garnishee"; October 27, 1909, notice given by defendant through his attorney, and entered on the justice's docket, that he claimed the exemption of $300; February 25, 1910, certiorari issued out of the common pleas; exception by defendant that the justice was without jurisdiction because the attachment was not preceded by an execution returned "no goods"; motion by plaintiff to quash the certiorari, because it was not sued out within twenty days. The court sustained the motion, and its reasons for so doing are clearly set forth in the following excerpt from the opinion of Judge NEWCOMB: "Under the cases referred to it may be taken for granted that in the sense of a condition precedent to an attachment, the return in question is jurisdictional. But an examination of the best-considered cases touching the twenty-day rule shows a well-marked distinction as regards the effect of appellant's laches where the attempt has been to avoid judgment on a belated writ. The cases are practically uniform where the point involved has been a defect of personal juris-

diction only.   In those instances it is well settled that appellant must move within twenty days after notice. There is a like uniformity of decision in cases where by reason of the subject-matter there is a fundamental lack of jurisdiction.   In such case no lapse of time will conclude the party, regardless of either personal service or notice.   The basis of distinction is clear.   In the latter class there is a total absence of judicial competency in the alderman; in the other, a failure on his part to observe the forms of law, but no lack of competency.   And this is the nature of the defect here.   In its essential characteristics the thing objected to was an irregularity of procedure, not an assumption of power where none existed. The alderman had power to issue the attachment, subject only to a regulation which he failed to observe.   With respect to defendant's status there is no apparent reason why the effect of such irregularity is not strictly analogous in principle with the class of cases where he is required to move within twenty days after notice."

In the case of Silvergood v. Storrick, 1 Watts, 532, it was held that the provision of sec. 22 of the act of March 20, 1810, 5 Sm. Laws 161, relative to the conclusiveness of the action of the common pleas extended to every judgment or proceeding of that court on writs of certiorari issued under that act, "whether as regards reversal, costs, execution or any other matter."   So that there can be no doubt that it applies as well where the court quashed the certiorari because not sued out in time as where the court affirmed or reversed the judgment.   But it was held in Strouse v. Lawrence, 160 Pa. 421, that a proceeding by attachment execution before a justice of the peace under the Act of April 15, 1845, P. L. 459, is not embraced within that provision of sec. 22 of the act of 1810, and an appeal will lie from the judgment of the common pleas upon certiorari in such case.   It therefore becomes necessary to decide whether or not the court erred in holding that the certiorari was sued out too late.   Section 21 of the act of 1810, provides: "That no judgment shall be

set aside in pursuance of a writ of certiorari, unless the same is issued within twenty days after judgment was rendered and served within five days thereafter; and no execution shall be set aside in pursuance of the writ aforesaid unless the said writ is issued and served within twenty days after the execution issued." While it has been held that lack of jurisdiction of the justice over the subject-matter or the parties will prevent the strict enforcement of this statutory provision (Lacock v. White, 19 Pa. 495; Graver v. Fehr, 89 Pa. 460), no case has been brought to our attention which holds that irregularity of procedure, which the party may waive, may be taken advantage of by certiorari at any time that the party sees fit to sue out the writ. On the contrary, there are numerous decisions of the courts of common pleas, and the great weight of authority is to the effect, that he cannot safely sleep on his rights, if he expects them to be preserved by this writ. Here the defendant had notice of the judgment at least as early as October 27, 1909. Instead of suing out the certiorari within twenty days from that time, he waited five months, and recognized the existence, if not the validity, of the judgment by claiming the benefit of the exemption law. The irregularity was one which he could waive for himself (Swanger v. Snyder, 50 Pa. 218; Poor v. Colburn, 57 Pa. 415) and which he must be deemed to have waived, at least as ground for setting aside the judgment upon certiorari, by failing to sue out the writ within twenty days from the time when, admittedly, he had notice of the judgment. The distinction between cases in which a justice has no authority to act at all, and cases where he has authority to act but some prerequisite to his acting in a particular way, which the party can waive, has been omitted, is clearly pointed out in the foregoing extract from the opinion of the learned judge of the common pleas, and notwithstanding the able argument of appellant's counsel we think it was properly observed and applied in the present case.

Judgment affirmed.