## Glessner v. Stahl et ux.

*Practice, J. P.—Certiorari — Plaintiff's demand — Record — Sufficiency— Time for appeal—Twenty-day limitation—Jurisdiction—Summons—Service— Joint action.*

1. Upon *certiorari* to a justice of the peace, the record will not be held to be defective for failure to show upon what the claim of the plaintiff is founded if it sets forth: "Plaintiff's demand, $20.11 in *assumpsit.*"

2. If suit is brought against a husband and wife jointly, and only one of the defendants is served with a summons, the justice has no jurisdiction of the parties, and the twenty-day limitation for *certiorari* does not apply.

*Certiorari* to justice of the peace. C. P. Somerset Co., Sept. T., 1922, No. 1892.

*Uhl & Ealy,* for plaintiff; *J. C. Lowry,* for defendants.

BERKEY, P. J.—A. S. Glessner brought a civil suit against Harvey Stahl and Ariminta Stahl, Jan. 23, 1918, before William H. Hay, Esq., justice of the peace, having an office in the Borough of Meyersdale, Somerset County, Pa. He died shortly after the rendition of the judgment, and his docket went into the hands of D. A. Floto, Esq., his successor in office. The return to the writ of *certiorari* directed to 'Squire Floto is the docket itself, a transcript of which is as follows:

A. S. Glessner
*vs.*
Harvey Stahl
Ariminta Stahl

Justice Costs:

| | |
|---|---|
| Iss. Sum | .60 |
| D. Entry | .50 |
| Ret. | .40 |
| Hearing | .75 |
| Judgment | .50 |
| | 2.75 |

D. R. Cramer

Const. costs.

| | |
|---|---|
| Summons | .50 |
| Copp | .50 |
| Mile (1) | .20 |
| | 1.20 |

Civil Suit

Summons issued January 23, 1918, to D. R. Cramer, Constable, returnable January 29, 1918, at 10 o'clock A. M., returned on oath served the within summons upon the within named defendant Harvey Stahl & Ariminta Stahl by handing a true certified and attested copy of the original summons to Ariminta Stahl at her home in Meyersdale, Pa., and made known to her the contents thereof, so says D. R. Cramer, Constable, this 24th day of January, 1918.

Plaintiff's Demand, $20.11 in *assumpsit.* And now, January 29, 1918, 11 o'clock A. M., A. S. Glessner appeared for plaintiff, defendants did not appear, judgment by default, Plaintiff A. S. Glessner aff. after hearing proofs and allegations, judgment publicly for plaintiff for twenty & 11-100 dollars and against the defendants for $20.11 and costs of suit.

The plaintiffs in error filed exceptions as follows:

1. The record fails to show upon what the claim of the plaintiff for $20.11 is founded.

2. The defendants having been sued jointly and there being no service on Harvey Stahl, the judgment is void as to him for want of jurisdiction of

the person.  A judgment against one joint defendant only and against the other cannot stand, it appearing they were not partners.

The defendant in error replies to the assignments of error "that the *certiorari* was issued more than twenty days after the rendition of the judgment by the justice of the peace before whom the case was heard.  Also, as appears by proceeding at No. 57, Miscellaneous Docket, 1921, in the Court of Common Pleas of Somerset County, the defendants presented a petition for the allowance of an appeal *nunc pro tunc* in said case, and that thereafter, on June 5, 1922, abandoned said proceedings.  It, therefore, appears that the *certiorari* in this case was asked for more than twenty days after the defendants admitted knowledge of the rendition of the judgment by the justice of the peace."

The first assignment cannot be sustained, as we think the statement on the record as to the nature of the plaintiff's demand, viz., "plaintiff's demand, $20.11, in *assumpsit*," is sufficient: Goodman v. Moyer, 1 Woodward, 92.

The pleadings squarely raise the question as to whether the *certiorari* could issue June 5, 1922.  The judgment was entered Jan. 29, 1918.  It is apparent from the records of the Court of Common Pleas that on Dec. 14, 1921, the plaintiffs in error had knowledge of this judgment, as then they filed in the Court of Common Pleas, to No. 57, Miscellaneous Docket, 1921, a petition for leave to file an appeal *nunc pro tunc*, which proceeding was abandoned June 5, 1922, being the same day on which the writ of *certiorari* issued.  It is clear that more than twenty days had elapsed after the rendition of the judgment, and, furthermore, that more than twenty days had elapsed after notice to the defendants of the rendition thereof; but, under the circumstances of this case, are the plaintiffs in error barred as to their rights to issue *certiorari* by the twenty-day limitation?  The record discloses that service of the summons was made on Ariminta Stahl and no service made on Harvey Stahl.  The point involved here, the lack of service of the summons on one of the joint-defendants, not partners, is clearly decided in Wahl v. Poore, 46 Pa. Superior Ct. 630; on page 631 it is said in the quotation from an opinion of Judge Newcomb, approved by the Superior Court: "But an examination of the best-considered cases touching the twenty-day rule shows a well-marked distinction as regards the effect of appellant's laches where the attempt has been to avoid judgment on a belated writ.  The cases are practically uniform where the point involved has been a defect of personal jurisdiction only.  In those instances it is well settled that appellant must move within twenty days after notice.  There is a like uniformity of decision in cases where, by reason of the subject-matter, there is a fundamental lack of jurisdiction.  In such cases, no lapse of time will conclude the party, regardless of either personal service or notice.  The basis of distinction is clear.  In the latter class there is a total absence of judicial competency in the alderman; in the other, a failure on his part to observe the forms of law, but no lack of competency."

As early as Lacock v. White, 19 Pa. 495, 498, in 1852, in an opinion by Chief Justice Black, it was held: "The twenty days' limitation does not apply to cases in which the justice has no jurisdiction, either of the parties or the subject-matter, and there is no jurisdiction of the former when they are not legally summoned."

We conclude, therefore, that the plaintiffs in error were entitled to the *certiorari* with all its force and legal effect; and as service was made upon but one of the plaintiffs in error, the judgment as to the other is bad: Murdy v. McCutcheon et ux., 95 Pa. 435.

Now, Nov. 24, 1922, for the reason set forth in the foregoing opinion, judgment reversed.                    From Daryle R. Heckman, Somerset, Pa.