## Lewis v. Lewis.

*Justice of the peace—Certiorari—Time—Irregularities—Defective return of constable—Failure to hear evidence for plaintiff—Acts of March 20, 1810, and July 9, 1901.*

1. A defective return of the constable's service in a case before a justice of the peace, or the failure of the record of the justice to show affirmatively that he had received evidence in support of the plaintiff's claim, are irregularities that may be waived, and the defendant, in order to avail himself of them, must take his *certiorari* within twenty days of the time when he first learned of the judgment having been entered against him.

2. In such case it is incumbent on the defendant to show affirmatively a want of knowledge of the action and judgment.

3. If it appears that the constable levied upon defendant's property under the judgment on Oct. 4th, and no *certiorari* was taken until Oct. 31st, it will be presumed that defendant had knowledge of the existence of the judgment on Oct. 4th, and on the *certiorari* taken more than twenty days therefrom, he is too late to object to mere irregularities in the proceedings.

The Acts of March 20, 1810, 5 Sm. Laws, 161, 171, and July 9, 1901, P. L. 614, considered.

*Certiorari* to justice of the peace. C. P. Fulton Co., Jan. T., 1922, No. 16.

*John P. Sipes*, for exceptions; no appearance contra.

McPHERSON, P. J., Nov. 24, 1922.—On June 2, 1916, suit in *assumpsit* was instituted by Charles H. Lewis against Frank Lewis, before George Miller, Esq., a justice of the peace, to recover the sum of $10.

The same day a summons therein was issued, directed to W. H. Carnell, a constable of said county. The summons was returned to the justice, and on the back thereof appeared this entry:

"Served by handing a true and attested copy to the defendant.

W. H. Carnell, Constable.

Service ................................................. .50
Mileage ................................................ .60

W. H. Carnell, Constable.

Subscribed and sworn to before me this 3rd day of June, 1916.

George Miller,
Justice of the Peace."

The record of the justice shows the following entry:

"And now, June 3, 1916, constable returns summons on oath that he has left a true and attested copy to defendant."

2 D. & C.

Lewis v. Lewis.

The summons was returnable on June 7, 1916, between the hours of twelve o'clock noon and one o'clock P. M. The record of the justice shows that on June 7, 1916, the plaintiff "appears at the hour and waits on the defendant, but the defendant fails to appear, and, therefore, judgment is entered against the defendant for default in the sum of $10.00, and one dollar and 30 cts. costs of suit."

On Sept. 14, 1921, execution was issued on said judgment, which was returned not served on Oct. 4, 1921. A new execution was issued Oct. 4, 1921, and levy made, and a still later execution was issued Oct. 21, 1921. On Oct. 31, 1921, a writ of *certiorari* was issued from the Court of Common Pleas, and the record of the justice transmitted in pursuance thereof, a *supersedeas* to the execution having been issued by the justice.

The plaintiff in error assigned errors in the record of the justice as returned as follows:

1. That the return of the constable does not show in what manner the summons was served.

2. The record of the justice does not show that the summons was served according to law.

3. The record of the justice sets forth what the return of the constable to the summons does not show to be the fact.

4. The constable's return does not show that he served the summons.

5. The record of the justice does not show the date of service, if any was made.

6. The record of the justice shows that he entered judgment against the plaintiff in error without receiving any proofs of the defendant in error's claim.

The *certiorari* was issued more than five years after the rendition of the judgment, and the main question raised is whether there are any errors in the record which can be taken advantage of, notwithstanding the writ was issued more than twenty days after the rendition of the judgment?

Under the 21st section of the Act of March 20, 1810, 5 Sm. Laws, 161, it is provided that: "No judgment shall be set aside in pursuance of a writ of *ceriorari* unless the same is issued within twenty days after judgment was rendered." This restriction on the effect of writs of *ceritorari* is applicable generally, the only exception thereto being cases where the justice was without jurisdiction, the judgment was obtained fraudulently or was void *ab initio*.

The return of the constable of the service of the summons issued in this case is not in strict accord with the verbiage of the Act of July 9, 1901, P. L. 614, and may show, therefore, a defective service, an irregularity which, of course, the defendant could waive by appearance. The subject-matter of the action before the justice was within his jurisdiction, and the failure to serve was merely a failure in a matter of procedure in exercising jurisdiction over the subject-matter.

The record of the justice shows that judgment was given by default, and does not show affirmatively that any evidence was heard by the justice in substantiation of the plaintiff's claim. This is an error of procedure.

The defective service of the summons and the failure of the record of the justice to show that he heard evidence in support of the plaintiff's claim are defects which, if a *certiorari* had been taken out within twenty days of the giving of the judgment, would have warranted the reversal of the same. The same result would follow if the *certiorari* were taken out twenty days from the time that the defendant had first had notice that a judgment had been entered against him.

Lewis *v.* Lewis.

In Wahl *v.* Poore, 46 Pa. Superior Ct. 630, the opinion of Judge Newcomb, of the court below, was quoted by the Superior Court with approval, concerning the effect of an effort to avoid a judgment on the writ of *certiorari* taken twenty days subsequent to the entry of the judgment, as follows: "But an examination of the best considered cases touching the twenty-day rule shows a well-marked distinction as regards the effect of appellant's laches, where an attempt has been to avoid judgment on a belated writ. The cases are practically uniform where the point involved has been a defect of personal jurisdiction only. In this instance it is well settled that the appellant must move within twenty days after notice. There is like uniformity of decision in cases where, by reason of the subject-matter, there is a fundamental lack of jurisdiction. In such case, no lapse of time will conclude the party, regardless of either personal service or notice. The basis of distinction is clear. In the latter class there is a total absence of judicial competency in the alderman; in the other, a failure on his part to observe forms of law with no lack of competency."

In the same case the Superior Court says:

"While it has been held that lack of jurisdiction of the justice over the subject-matter or the parties will prevent a strict enforcement of the statutory provision (Lacock *v.* White, 19 Pa. 495; Graver *v.* Fehr, 89 Pa. 460), no case has been brought to our attention which holds that irregularity of procedure which the party may waive may be taken advantage of by *certiorari* at any time that the parties see fit to sue out the writ. On the contrary, there are numerous decisions of the Court of Common Pleas, and the great weight of authority is to the effect that he cannot safely sleep on his rights if he expects them to be preserved by this writ.

"The distinction between cases in which the justice has no authority to act at all and cases where he has authority to act, but some prerequisite to his acting in a particular way, which the party can waive, has been omitted, is clearly pointed out in the foregoing extract from the opinion of the learned judges of the Court of Common Pleas." (Referring to the excerpt of the opinion of Judge Newcomb, quoted above.)

The defects in the instant case are irregularities of procedure which could have been waived by the defendant, and to take advantage thereof he must have taken out his writ of *certiorari* within twenty days of the time when he first learned that judgment had been entered against him. It is incumbent on the defendant to show affirmatively a want of knowledge of action and judgment: Moore *v.* Baker, 2 Kulp. 326.

On the face of the record, the execution was issued on this judgment on Oct. 4, 1921, and, according to the return of the constable, a levy was made on that date upon the defendant's personal property. In view of this, we must conclude that the defendant had knowledge of the existence of this judgment on Oct. 4, 1921. The *certiorari* in this proceeding was not issued until Oct. 31, 1921, more than twenty days subsequent to the date of the execution and levy.

The defendant not having met the burden of showing a lack of notice of this judgment, and, on the other hand, the record appearing to show notice of the judgment on Oct. 4, 1921, the issuance of the *certiorari* on Oct. 31, 1921, was too late to allow the defendant to take advantage of the defects of procedure complained of.

And now, Nov. 25, 1922, *certiorari* dismissed and the judgment before the justice is affirmed.

From John P. Sipes, McConnellsburg, Pa.