## Musano v. Cepek.

*Attachment execution issued by justice of the peace on a judgment before him, and certiorari of the record—Opening judgments of justice of the peace.*

1. A *certiorari* to an attachment execution before a justice of the peace does not bring up for review the proceedings upon which the original judgment was founded, unless such original judgment is void on its face.

2. When the writ of summons has been properly served, the failure of the record of the justice to show affirmatively that he had received evidence in support of the plaintiff's claim is an irregularity which may be waived, and the defendant, in order to avail himself of such error, must take his writ of *certiorari* within twenty days after the entry of the judgment.

3. Where the record of the justice of the peace shows that judgment was entered by default against the garnishee in the attachment execution proceeding, and that such default was the failure of the garnishee to appear and answer, under oath or affirmation, the interrogatories within eight days, such default, by the express terms of the statute, is sufficient to warrant the entry of judgment against the garnishee.

4. A judgment in favor of a plaintiff, without more, is a judgment against the defendant named in and served with process, unless there is something on the record to show uncertainty about his identity.

5. If dissatisfied with a judgment, a garnishee in an attachment execution proceeding before a justice of the peace has two courses open to him, (a) to obtain a writ of *certiorari* within twenty days after the rendition of the judgment, or (b) to appeal from said judgment within twenty days and file such appeal in the Court of Common Pleas on or before the next term thereof.

6. When a justice of the peace has given his decision and entered judgment accordingly, his authority to interfere with it, except as provided by the statute, is at an end.

7. There are only two statutory modes authorizing any change in the judgment of a justice of the peace after it has been once rendered: Where, under the 4th section of the Act of March 20, 1810, 5 Sm. Laws, 161, within twenty days after the rendition of the judgment, an appeal is desired by either party, in which case, upon notice to the adverse party to appear, and, upon appearance, the adverse party consents, the judgment may be opened; but where the adverse party does not appear and does not consent, the only relief is by appeal; and, under the 7th section of the same act, where judgment has been obtained against a defendant by default, it may be opened for the purpose of set-off and a rehearing granted, but then only in the manner provided by the statute.

*Assumpsit.* C. P. Westmoreland Co., Feb. T., 1923, No. 317.

*Daniel Reamer* and *Lewis C. Walkinshaw,* for plaintiff in error.

*Vincent R. Smith,* for defendant in error.

WHITTEN, J., April 20, 1923.—An action of *assumpsit* was brought by Bazah Cepek against Mike Drahush before James B. White, justice of the peace. The summons was issued Sept. 20, 1922, returnable Sept. 26, 1922. The constable's return of service is as follows: "Sept. 21, 1922, served on the defendant, Mike Drahush, by handing a true and attested copy thereof to him personally. Joe Plankinger, Constable."

The record of the justice of the peace shows that the said constable was sworn to the said return of service.

The record of the said justice shows further proceedings thereon as follows: "Money loaned on promissory note, $280.79. Sept. 16, 1922, at 10 A. M., plaintiff sworn to claim. Defendant does not appear. After hearing proofs and allegations, judgment is publicly given in favor of plaintiff and against defendant by default for the sum of $280.79 and costs. Sept. 29, 1922, execution was issued to Joseph Plankinger, Constable, claim $280.79. Costs $6.11, execution $0.60, returnable Oct. 19, 1922. Sept. 29, 1922, Joseph Plankinger, Constable, makes return, 'No goods.'"

Sept. 29, 1922, an attachment execution upon said judgment was issued against Frank Musano as garnishee, returnable Oct. 7, 1922, and on same day the plaintiff filed interrogatories, and thereupon a rule was entered upon the said Frank Musano to answer in eight days, which rule and copy of interrogatories were served upon said Frank Musano personally by the constable, Sept. 29, 1922.

Frank Musano, garnishee, neither appeared nor answered the said rule or interrogatories on or before the return-day thereof, viz., Oct. 7, 1922, whereupon judgment was entered against said garnishee in default of such answer.

Nov. 10, 1922, execution upon said judgment was issued against said Frank Musano, garnishee, which was stayed at the request of the said garnishee, who, on Nov. 18th, presented his petition to open said judgment.

Dec. 2, 1922, the justice dismissed the petition to open judgment, and on Dec. 11, 1922, issued an *alias* execution against the garnishee.

Dec. 12, 1922, said garnishee caused a writ of *certiorari* to be issued to the said justice of the peace, commanding him, the said justice, to certify the entire record of the said cause to our said Court of Common Pleas for review.

The first and second assignments of error are aimed at alleged irregularities in the record of the judgment recovered against Mike Drahush. These must be dismissed, *(a)* because Mike Drahush is not a party to this writ of *certiorari* and has not contested the said judgment against him in any way; *(b)* because no ground is alleged enabling Frank Musano, the garnishee, to review the judgment entered against Mike Drahush.

A *certiorari* to an attachment execution does not bring up for review the proceedings upon which the original judgment was founded, unless such original judgment is void on its face: Mulligan *v.* Riley, 1 Kulp, 79; Wahl *v.* Poore, 46 Pa. Superior Ct. 630.

The return of service of the summons upon Mike Drahush is in conformity with the Act of July 9, 1901, P. L. 614: "Such a return is conclusive and cannot be contradicted by parol testimony:" Holly *v.* Travis, 267 Pa. 136.

"Where a defendant was properly summoned and judgment by default entered on the return-day, he will be held to have had notice of the judgment *on that day*, and a *certiorari*, to be effectual, must be issued within twenty days thereafter:" Brockway & Johnston *v.* Tillotson Bros., 6 Pa. C. C. Reps. 31.

"After the time for suing out a writ of *certiorari* has passed, no presumption of want of jurisdiction can arise from informality in the statement of the cause of action; every reasonable presumption will be in favor of the jurisdiction:" Cooke *v.* Shoemaker, 17 Pa. C. C. Reps. 641; Carle *v.* White Haven Ice Co., 7 Kulp, 429; Evans *v.* Brobst, 5 Dist. R. 30.

Section 21 of the Act of March 20, 1810, 5 Sm. Laws, 171, provides that: "No judgment shall be set aside in pursuance of a writ of *certiorari* unless the same is issued within twenty days after judgment was rendered."

"The twenty days' limitation does not apply to cases in which the justice has no jurisdiction, either of the parties or the subject-matter, and he has no jurisdiction of the former when they are not legally summoned:" Lacock *v.* White, 19 Pa. 495, 498.

"When the writ of summons has been properly served, the failure of the record of the justice to show affirmatively that he had received evidence in support of the plaintiff's claim is an irregularity which may be waived, and the defendant, in order to avail himself of such error, must take his writ of *certiorari* within twenty days after the entry of judgment:" Lewis *v.* Lewis, 2 D. & C. 664.

4 D. & C.

Musano v. Cepek.

"When the time for an appeal is definitely fixed by statute, the appellate court, after the time has expired, cannot grant defendant's petition for leave to appeal *nunc pro tunc:*" Jordan v. Eisele, 273 Pa. 95.

The Act of April 15, 1845, P. L. 459, 460, provides that if a garnishee shall neglect or refuse to answer interrogatories within eight days, he shall be adjudged to have in his possession property of the defendant equal in value to the demand of the plaintiff, and judgment may be rendered by default against said garnishee for the amount of the same, with costs.

Said act also provides that the plaintiff, the defendant or the garnishee in the attachment may appeal from the judgment of the alderman or justice of the peace to the next term of the Court of Common Pleas on complying with the provisions of the laws regulating appeals in other cases.

In the third assignment of error complaint is made because it does not appear why said judgment was entered. The record shows that judgment was entered by default against the garnishee, and that such default was the failure of the garnishee to appear and answer under oath or affirmation the interrogatories within eight days. Such default was, by the express terms of the statute, sufficient to warrant the entry of judgment against the garnishee.

The fourth assignment of error is in effect the same as the third.

In the sixth assignment of error it is stated that the judgment was entered "by default and without any proof of plaintiff's cause of action being made." If this assignment refers to the judgment entered against the defendant, Mike Drahush, it cannot be sustained because the record shows the plaintiff was sworn and that judgment was entered against the defendant "after hearing proofs." In addition to this, the defendant, Mike Drahush, is not contesting the judgment thus entered against him. However, if this assignment refers to the judgment entered against Frank Musano, garnishee, the record shows that judgment was entered against him in default of an answer, under oath or affirmation, to plaintiff's interrogatories.

In the seventh assignment of error it is alleged that the record fails to show with sufficient certainty against whom the judgment was entered on the attachment execution on the amount of the judgment. Judgment was entered against the garnishee. The record shows that there was only one garnishee and that Frank Musano is his name. Counsel for plaintiff in error cite Kauffman v. Sherbondy, 22 Dist. R. 114, as sustaining their contention. In that case the court (opinion) says: "Both in the caption of the case and in the summons the defendants are designated as 'Mr. and Mrs. E. E. Sherbondy.' . . . In the body of the transcript, however, it appears . . . that the initials 'E. E.' are the initials of the husband's Christian name. We are informed— not by the record, however—that Mrs. Sherbondy's Christian name is Myrtle. She is, therefore, not named in the record."

In the instant case, Frank Musano, the garnishee, was served personally with the rule and interrogatories; he is repeatedly named in the record as the garnishee. Here, the record discloses the name of the garnishee. There can be no uncertainty about the identity of the garnishee.

It is the uniform practice in the courts of record for a jury in rendering a verdict merely to find a verdict "for the plaintiff in the sum of $————." The names of both plaintiff and defendant appearing in the caption of the paper upon which the verdict is written makes the record of the verdict complete and certain.

In entering the judgment against the garnishee, the justice followed closely the form given in Binn's Justice, 211.

In Rineheimer v. Weiss, 4 Kulp, 279, the entry of judgment against the garnishee was as follows: "Garnishee does not appear to file his or their answers. Whereupon, judgment; it is adjudged that garnishees have property in their possession belonging to the defendant equal in value to the plaintiffs' demand; that the plaintiffs have execution of the said debt of $59.40 and costs by default."

Speaking of the sufficiency of the above record, Rice, P. J., said: "If the judgment entered by the justice substantially and almost literally follows the section (Act of April 15, 1845, P. L. 459) above quoted, upon what ground can the court declare it void and insufficient to support an execution?"

"A judgment in favor of a plaintiff, without more, is a judgment against the defendants named in and served with process, unless there is something on the record to show that one or more of them was excepted:" Rockwell v. Tupper, 7 Pa. Superior Ct. 174.

As above stated, the statute provides that if said garnishee shall neglect or refuse to answer said interrogatories within eight days, "he shall be adjudged to have in his possession property of the defendant equal in value to the demand of said plaintiff."

The record shows that judgment was entered against the garnishee in default of answers to such interrogatories and that "plaintiff have execution of the said debt or claim. . . . If full claim is not collected with costs, then collect by levy," etc. The record shows accurately the amount of the judgment entered against the defendant, Mike Drahush. The rule and interrogatories served upon the garnishee also discloses the amount of the plaintiff's judgment and costs. Thus the record accurately shows the amount of the judgment entered against the garnishee.

Complaint is also made (fifth assignment of error) because the "alderman" did not open the judgment in obedience to the garnishee's petition, filed Nov. 10, 1922.

No alderman had any relation to this case. However, a petition was presented to the justice of the peace on Nov. 18th. As above stated, judgment was entered against the garnishee Oct. 7, 1922. The garnishee had been personally served with interrogatories eight days prior thereto, to which interrogatories he made no answer under oath or affirmation. The garnishee was bound to know that judgment would be entered against him on Oct. 7, 1922: Brockway & Johnston v. Tillotson Bros., 6 Pa. C. C. Reps. 31.

If dissatisfied with this judgment, the garnishee had two courses open: (a) To obtain a writ of certiorari within twenty days after Oct. 7, 1922; or (b) to appeal from said judgment within twenty days and file such appeal in the Court of Common Pleas on or before the next term thereof, to wit, on or before Nov. 13, 1922.

The garnishee adopted neither course, but petitioned the justice to open the judgment, and the justice refused to do so.

There is neither averment nor proof that the plaintiff in error was misled by any conduct or misconduct on the part of the justice. If, indeed, the justice had authority to open the judgment under the circumstances, was it error to refuse to do so, and how can such error be corrected?

The statutes regulating the practice before justices of the peace furnish no warrant for opening this judgment. Here, the petition to open the judgment was not presented until forty-two days after the entry thereof. In the meantime, the judgment had become absolute. Can a defendant thus overthrow a judgment which has become absolute by reason of his failure to appeal therefrom within the time prescribed by law?

4 D. & C.

Musano v. Cepek.

1. A justice of the peace, in his official capacity, is the creature of the statute and is powerless to interfere with the rights of suitors, except under express warrant of law. He can take time to deliberate or to examine the proceedings before him, but when his decision has been once given and judgment entered accordingly, his authority to interfere with it, except as provided by statute, is at an end.

2. There are only two statutory modes authorizing any change in the judgment of a justice after it has been once rendered. The 4th section of the Act of March 20, 1810, gives the justice power to open a judgment and grant a rehearing where, within twenty days after its rendition, an appeal is desired by either party. In such case he must notify the adverse party to appear before him; and if the adverse party does appear and consents thereto, the judgment may be opened; but if he does not appear and does not consent, it is otherwise, and the only relief is by appeal. Under the 7th section of the same act, where judgment has been obtained against a defendant by default, it may be opened for purposes of set-off and a rehearing granted, but only on proof to be made within thirty days after its rendition that defendant was absent when the process was served and did not return before the return-day thereof, or that he was prevented from attending by sickness or other unavoidable cause.

3. The practice of justices of controlling their records by a sort of discretionary power until they are removed into the Common Pleas by appeal or *certiorari* is at variance with the statutes and prejudicial to the rights of suitors, and ought permanently to pass into disuse: Long v. Caffrey, 8 Phila. 546. See, also, Cosgrove v. Scott, 8 W. N. C. 28; Gould v. Crawford, 2 Pa. 89; Kline v. Pearl, 24 Dist. R. 604.

"Where a justice of the peace has jurisdiction of the parties and the cause of action and proceeds in the mode prescribed by law to judgment, the remedy for the correction of his error, whether of fact or law, is by appeal; where the proceedings, as shown by his record, are irregular or contrary to law, the party aggrieved has a remedy by *certiorari:*" Rockwell v. Tupper, 7 Pa. Superior Ct. 174.

"Where a judgment has been entered by a justice of the peace against a garnishee in an attachment execution, and the garnishee fails to sue out a *certiorari* within twenty days after judgment entered, a writ of *certiorari* thereafter taken will not justify a reversal of the judgment of the justice because of a mere irregularity in the record of the justice:" Wahl v. Poore, 46 Pa. Superior Ct. 630.

"1. Where an act of assembly fixes the time within which an act must be done, as, for example, an appeal taken, courts have no power to extend it or allow the act to be done at a later day as an act of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act *nunc pro tunc*.

"2. Where a party has been prevented from appealing by fraud, or by the wrongful or negligent act of a court official, the court has power to extend the time for taking an appeal; but where no fraud or anything equivalent thereto is shown, such appeals cannot be allowed:" Wise v. Cambridge Springs Borough, 262 Pa. 139.

Here, there is no averment of fraud or other misconduct or negligence on the part of the justice whereby the plaintiff in error was misled or was prevented from taking an appeal.

In this case judgment was regularly entered against the garnishee for failure to answer interrogatories. Said garnishee neither appealed from such

judgment nor sued out a writ of *certiorari* within the time allowed by law. Forty-two days after the entry of such judgment the garnishee attempted to circumvent the statutory limitation as to the time for taking appeal, by petitioning to open the judgment. However, the plaintiff did not consent to a rehearing and the justice properly refused to hear testimony upon the part of the garnishee and refused to open the judgment. Having failed to have the judgment opened, the garnishee sued out the present writ of *certiorari* sixty-six days after the entry of the judgment against him. This was too late.

### Decree.

And now, April 20, 1923, after argument of counsel and upon due consideration, the assignments of error are overruled, the writ of *certiorari* is dismissed and the judgment of the justice is affirmed.

From William S. Rial, Greensburg, Pa.