## Sipe v. Balis.

L. W. Walker, for appellant;  D. R. Heckman, for appellee.

BOOSE, P. J., April 22, 1930.—On Dec. 2, 1929, Herman Balis, the plaintiff in error, sued out a writ of certiorari to bring up the record of the proceedings and judgment of R. E. Craver, Esq., a justice of the peace, in order that the court might review his jurisdiction as well as the legality and regularity of his proceedings and decision. On Jan. 20, 1930, the plaintiff in the above case obtained a rule to show cause why the said writ of certiorari should not be quashed, alleging that the same was not issued within twenty days after notice of the rendition of judgment by the justice of the peace; both the writ of certiorari and the rule to quash are now before the court, and will be considered in their reverse order.

Counsel for the judgment plaintiff contend that, inasmuch as the writ of certiorari was not issued by the defendant within twenty days after notice of the entry of judgment against him, the writ should be quashed. On the other hand, counsel for the plaintiff in error argues that the justice of the peace, because of the alleged irregularities in his proceedings, was without jurisdiction to enter said judgment and that the question of jurisdiction may be raised at any time or stage of the proceedings.

The Act of March 20, 1810, 5 Sm. Laws, 161, provides:

"That no judgment shall be set aside in pursuance of a writ of certiorari unless the same is issued within twenty days after judgment rendered and served within five days thereafter; and no execution shall be set aside in pursuance of the writ aforesaid unless said writ is issued and served within twenty days after the execution issued."

The certiorari must be issued within twenty days if the justice had jurisdiction and the defendant has knowledge of the judgment. But if the justice had no jurisdiction, then the statute will not apply and the certiorari may be issued at any time; and such writ is the method to be used to show that the justice had no jurisdiction and that the proceedings before him were irregular and illegal: Nalen v. Burke, 12 Pa. C. C. Reps. 490; Heany v. Faust, 20 Pa. C. C. Reps. 73; Edwards & Sigler v. Fonk & Brother, 6 Dist. R. 505; Lehighton Borough v. Roth, 7 Dist. R. 426; Bertz v. Troast, 17 Lanc. Law Rev. 169; Lacock v. White, 19 Pa. 495; Graver v. Fehr, 89 Pa. 460.

Wahl v. Poore, 46 Pa. Superior Ct. 630, and Schwartz Bros. v. Adams Express Co., 75 Pa. Superior Ct. 403, have been cited by counsel in support of the motion to quash. In the first case the certiorari was sued out by garnishee long after he had knowledge that the judgment had been entered against him, and it was held that this constituted a waiver. In the latter case the constable made a return that he handed a true and attested copy of the summons

to defendant's agent and that the defendant had knowledge of the judgment thirty-four days before the *certiorari* was issued. In the case at bar, there was no return of the summons served upon the defendant or any knowledge on his part that the judgment had been entered against him until an execution was issued and a levy made thereon. In these respects it is easily distinguished from the cases cited.

If, therefore, the justice did not have jurisdiction, the rule to quash the *certiorari* cannot prevail, and this leads us into a consideration of the errors assigned to his proceedings and judgment. The first four assignments of error challenge the legality and regularity of the proceedings before the justice in the issuance, service and return of the summons, and may, therefore, be considered together.

The transcript sets forth that the summons was issued to C. F. Herring, constable, but an inspection of the summons attached to the transcript shows that it was not directed to any officer by name. There is no return of service endorsed thereon, supported by affidavit, showing the time, place or manner of service. There is written on the face of the summons "service hereof accepted 10-15-29. Herman Balis," but nothing to show by whom such service or return was made or that a copy of the summons was left with the defendant. These defects are fatal, as there is nothing in the record to prove that the justice had jurisdiction of the person of the defendant.

Generally speaking, service must be made upon, by and in the manner prescribed by the Act of July 9, 1901, P. L. 614, which provides that "writs issued by any . . . justice of the peace . . . shall be served in the county where they are issued by the constable or other officer therein to whom given for service, in the same manner and like effect as similar writs are served by the sheriff when directed to him by the proper court." Said act prescribes the manner of service as follows: "The writ and summons . . . may be served by the sheriff of the county wherein it is issued upon an individual . . . in any one of the following methods: *(a)* by handing a true and attested copy thereof to him personally." The method of service prescribed by the Act of 1901 is exclusive, and the return must show definitely that service was made in the manner prescribed; otherwise, the justice acquires no jurisdiction. The record should disclose a return of service made by a constable on the summons, and such summons must be in compliance with the act. The record must show on its face everything necessary to sustain the judgment: Carter *v.* Shindel, 7 Dist. R. 308. And since it is only by service that jurisdiction of the person can be had, proper service must be shown on the face of the record or the judgment rendered thereon will be declared void. Where the record shows neither service of summons on the defendant nor appearance by him to the action, a judgment rendered in the case will be reversed. In the present case the summons was not given to a constable or other officer for service, nor was there service upon the defendant by handing a true and attested copy thereof to him personally. The act requires a copy of the summons to be left with the defendant, and where such copy is not left, the justice had no jurisdiction and a judgment by default will be reversed, although the *certiorari* was not taken out within twenty days: Montgomery Table Works *v.* Nice & Co., 11 Dist. R. 202; Witmeyer *v.* Kreider, 20 Lanc. Law Rev. 50; Corson *v.* Sullivan, 12 Dist. R. 538.

The return must show that a copy of the writ was handed to the defendant: Brenner *v.* Meltzer, 14 Dist. R. 461.

The copy must be both true and attested. When the record of a justice of the peace recites that a copy was served but does not recite that it was a true

and attested copy, the judgment will be reversed on *certiorari:* W. F. Main Co. *v.* Sloan, 2 Blair Co. 371.

We have already called attention to the fact that in the present case there was no return whatever showing the time, place or manner of service. This is fatal to the proceeding; it is wholly unnecessary to consider or pass upon the other errors assigned as ground for reversing the judgment.

## Decree.

Now, April 22, 1930, the rule to show cause why the writ of *certiorari* should not be quashed is discharged; and the assignments of error are sustained and the judgment reversed; and judgment is now entered in favor of the plaintiff in error for the costs which have accrued upon the writ of *certiorari*, together with all costs incurred in the case.